**UNITED STATES of America,**
**Appellant,**

v.

**Mark Allan BAYKO,**
**Defendant, Appellee.**

**No. 85–1252.**

United States Court of Appeals,
First Circuit.

Argued Aug. 7, 1985.

Decided Sept. 27, 1985.

Bruce E. Kenna, Asst. U.S. Atty., Concord, N.H., for appellant.

Jean-Claude Sakellarios, Manchester, N.H., court appointed counsel for defendant, appellee.

Before CAMPBELL, Chief Judge, BOWNES and TORRUELLA, Circuit Judges.

BOWNES, Circuit Judge.

This appeal presents us with a question of first impression in this circuit concerning the application of the new requirements for post-conviction release on bail pending appeal in the Comprehensive Crime Control Act of 1984. 18 U.S.C.A. § 3143(b) (1985). The district court found the defendant, Mark Allan Bayko, guilty of a violation of 18 U.S.C.App. § 1202(a)(1) (1982), possession of a firearm by one previously convicted of a felony. The court released defendant on bail pending final decision of his appeal. The government has appealed defendant's release claiming that the district court failed to apply the new standards properly and that proper application prohibits his release on bail pending appeal. Defendant argues that the application of the new requirements to him was a violation of the *ex post facto* clause of the Constitution because his crime was committed prior to the effective date of the new act. Alternatively, he argues that the district court properly applied the new standard in releasing him on bail during the pendency of his appeal.

A brief summary of the events leading to defendant's conviction on charges of possessing a firearm after previously being convicted of a felony is in order. On January 25, 1984, at 4:30 in the morning, Police Officer Jeffrey Koehler was sent to a three-story residential building to investigate an anonymous citizen's complaint about a loud party. When Officer Koehler arrived at the building and entered the main hallway, he heard nothing resembling a loud party. The only noise he could hear was from a television set on the second floor. He knocked on the door of the apartment from which the television sound came to inform the occupants of the complaint that had been received. He made no announcement that he was a police officer. The door swung open into the hallway and when Officer Koehler looked into the apartment he saw Bayko standing there pointing a gun at him. As soon as Bayko realized that a police officer was at the door, he lowered the gun and tossed it away. Officer Koehler recognized Bayko as one who had previously been convicted of a felony—dealing in counterfeit federal reserve notes—and arrested him. After Bayko was in custody, Officer Koehler searched the area where he had seen him toss the gun and found it in a pile of clothes. The gun was a Colt .38 Special Trooper model revolver loaded with three standard .38 bullets and two hollow point .38 bullets. A motion to suppress the evidence seized during Officer Koehler's search was denied by the trial court and Bayko was convicted of violating 18 U.S.C.App. § 1202(a)(1).

We have reviewed the record below and can find no objection by defendant to the use of the new bail requirements. Having failed to raise the *ex post facto* argument below, defendant may not now raise it upon appeal. *Tarrant v. Ponte,*

751 F.2d 459, 461 n. 5 (1st Cir.1985); *Johnston v. Holiday Inns, Inc.*, 595 F.2d 890, 894 (1st Cir.1979). Although we will make an exception for an issue not raised below if it is "plain error," Fed.R.Crim.P. 52(b), or "so compelling as virtually to insure appellant's success," *United States v. West*, 723 F.2d 1, 2 n. 1 (1st Cir.1983), *cert. denied,* —— U.S. ——, 105 S.Ct. 956, 83 L.Ed.2d 963 (1985) (quoting *Dobb v. Baker*, 505 F.2d 1041, 1044 (1st Cir.1974)), that exception does not apply here. Those circuits which have considered this issue have all found that the *ex post facto* clause is not violated by retroactive application of the post-conviction bail standards to defendants who had committed crimes prior to the effective date of the Act. *United States v. Miller*, 753 F.2d 19 (3d Cir.1985); *United States v. Crabtree*, 754 F.2d 1200 (5th Cir.1985) (Opinion of Chief Judge Clark as a single circuit judge), *cert. denied,* —— U.S. ——, 105 S.Ct. 3528, 87 L.Ed.2d 652 (1985); *United States v. Molt*, 758 F.2d 1198 (7th Cir.1985); *United States v. Powell*, 761 F.2d 1227 (8th Cir.1985); *United States v. McCahill*, 765 F.2d 849 (9th Cir.1985); *United States v. Affleck*, 765 F.2d 944 (10th Cir.1985); *United States v. Ballone*, 762 F.2d 1381 (11th Cir.1985). While we do not decide the *ex post facto* issue, we do find that the application of the new bail standards to defendant does not reach the level of error necessary to overcome a failure to object below.[1]

We turn, therefore, to the government's contention that the district court improperly applied the new bail requirements when it released defendant on bail pending the results of his appeal. The new standards are set out in 18 U.S.C.A. 3143(b) (1985) and provide:

> The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> > (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to section 3142(b) or (c); and
> >
> > (2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

■ We consider first the scope of our review. The new provisions concerning the appeal of release or detention orders, 18 U.S.C.A. §§ 3145, 3731 (1985),[2] contain no standard of appellate review, as was also the case under the provisions previously in effect,[3] 18 U.S.C. § 3148 (repealed 1984),[4]

---

**1.** We recently decided, pursuant to *statutory* construction rather than on constitutional grounds, that the statute here in question was applicable retroactively. *United States v. Zannino,* 761 F.2d 52 (1st Cir.1985).

**2.** The relevant part of § 3145 provides:

> **(c) Appeal from a release or detention order.**—An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly.

18 U.S.C.A. § 3145(c) (1985). Section 3731 is also new and provides in relevant part:

> An appeal by the United States shall lie to a court of appeals from a decision or order, entered by a district court of the United States, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modifi-

cation of the conditions of, a decision or order granting release.

18 U.S.C.A. § 3731 (1985).

**3.** This is in contrast to the provision governing bail decisions prior to trial under the since repealed Bail Reform Act of 1966 in which the standard of appellate review was explicitly set out: "Any order so appealed shall be affirmed if it is supported by the proceedings below." 18 U.S.C. § 3147(b)(2) (repealed). This standard was not repeated in the provision governing release after conviction, 18 U.S.C. § 3148 (repealed). However, under the new provisions now in force, appeal of both pretrial and post-conviction bail decisions are governed by the same statutory provision, 18 U.S.C.A. § 3145(c) (1985), which contains no standard of review. This circuit has issued at least one opinion reviewing pretrial bail determinations under the new provisions, but using the old standard of "supported by the proceedings below." *United*

and, up until now, we have not had to consider what standard of review should be used. An examination of the cases reviewing district court decisions allowing release on bail pending appeal prior to the 1984 Act shows that both the courts of appeals [5] and Supreme Court Justices sitting as Circuit Justices [6] utilized a standard of review less restrictive than the "clearly erroneous" and "abuse of discretion" standards ordinarily applied in appellate review. These decisions held that while the court of appeals should give deference to the decision made by the district court, it should nonetheless make an independent determination of the merits of the bail application.

The Third Circuit considered the standard of review under former § 3148 in *United States v. Provenzano*, 605 F.2d 85 (3d Cir.1979), and the current § 3145 in *United States v. Delker*, 757 F.2d 1390, 1399–1400 (3d Cir.1985). It grounded its more expansive standard of review upon Federal Rule of Appellate Procedure 9(b), which states that motions for release or modification of the conditions of bail "shall be determined promptly on such papers, affidavits, and portions of the record as the parties shall present...." In its ruling under the old provision, § 3148, the Third Circuit pointed out that since Rule 9(b) "permits consideration by the court of appeals of evidence that may not have been

before the trial judge," independent review by the court of appeals must have been contemplated by Congress. *Provenzano*, 605 F.2d at 93; 3A Wright, Federal Practice and Procedure § 767, at 142–43 (2d ed. 1982). Rule 9(b) continues to apply to the appeal of release or detention orders under new § 3145, *see* S.Rep. No. 225, 98th Cong., 1st Sess. at 29 n. 92 (1983), *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, at 3212 n. 92. The Third Circuit, therefore, recently reaffirmed its expansive standard of review for orders granting or denying bail pending appeal under the new bail statute. *United States v. Delker*, 757 F.2d at 1399–40.

In *Delker*, the Third Circuit also pointed out that the new provision permitting the government to appeal district court release orders, 18 U.S.C.A. § 3731 (1985), was designed to vindicate the "clear public interest in permitting review of release orders which may be insufficient to prevent a defendant from fleeing or committing further crimes," S.Rep. No. 225, 98th Cong., 1st Sess. at 30 (1983), *reprinted in* 1984 U.S. Code Cong. & Ad.News 3213. It reasoned that such interest would be most effectively served by a standard of review more rigorous than "abuse of discretion." 757 F.2d at 1399.

We agree with the Third Circuit's approach. An "abuse of discretion" standard

States v. Jessup, 757 F.2d 378, 387–88 (1st Cir. 1985). Without the explicit statutory basis found in the old provision, it is no longer clear if differing standards of review are appropriate for pretrial and post-conviction bail decisions; however, we do not decide this issue now.

**4.** The repealed provision governing release pending appeal reads as follows:

A person ... who has been convicted of an offense and is either awaiting sentence or sentence review under section 3576 of this title or has filed an appeal or a petition for a writ of certiorari, shall be treated in accordance with the provisions of section 3146 unless the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community. If such a risk of flight or danger is believed to exist, or if it appears that an appeal is frivolous or taken for delay, the

person may be ordered detained. The provisions of section 3147 shall not apply to persons described in this section: **Provided,** that other rights to judicial review of conditions of release or orders of detention shall not be affected.

18 U.S.C. § 3148 (repealed).

**5.** *United States v. Oliver*, 683 F.2d 224, 235 (7th Cir.1982); *United States v. Provenzano*, 605 F.2d 85, 91–93 (3d Cir.1979); *United States v. Stanley*, 469 F.2d 576, 586 & n. 46 (D.C.Cir.1972) (collecting cases).

**6.** *E.g., Truong Dinh Hung v. United States*, 439 U.S. 1326, 1328, 99 S.Ct. 16, 17, 58 L.Ed.2d 33 (Brennan, Circuit Justice, 1978); *Mecom v. United States*, 434 U.S. 1340, 1341, 98 S.Ct. 19, 20, 54 L.Ed.2d 49 (Powell, Circuit Justice, 1977); *Reynolds v. United States*, 80 S.Ct. 30, 32, 4 L.Ed.2d 46 (Douglas, Circuit Justice, 1959); *Sellers v. United States*, 89 S.Ct. 36, 37–38, 21 L.Ed.2d 64 (Black, Circuit Justice, 1968).

does not make sense in light of the procedures set up in Appellate Rule 9(b) and only a more rigorous review can provide the kind of protection of both the defendant's liberty interests and the public interest in crime prevention and punishment which Congress felt was necessary in this area. An independent review of the bail decision tempered by deference to the district court's firsthand judgment of the situation would seem to provide the level of protection Congress had in mind for both the defendant and the public. This is not to say, of course, that we will countenance end runs around the district court. Rule 9(a) requires the district court to "state in writing the reasons for the action taken." As the Third Circuit wrote in *Delker*, 757 F.2d at 1400, "courts of appeals are not free to ignore a trial court's supporting statement of reasons for his or her actions." Moreover, while courts of appeals may on occasion consider evidence not first presented to the district court, this will be a rare circumstance. Normally, all issues and facts to be considered on appeal should first have been put to the lower court. Appellate courts are not equipped to try factual disputes, or, ordinarily, to resolve credibility issues. And the district judge's opportunity to view the accused at trial, and to hear the evidence, provides an extra dimension not available to appellate judges for forming a judgment in post-conviction release matters. Thus, while we will exercise independent review, we do not suggest that we will conduct our own *de novo* hearing divorced from what has taken place below. Rather, we merely hold that we will feel free to take an independent look at the release decision.

We turn first to the requirement that a defendant may not be released on bail if he or she poses a danger to the community or is likely to flee the jurisdiction. At the sentencing hearing, the district court found that Bayko did not pose a danger to society; however, no order concerning Bayko's release pending appeal was made at this hearing due to a dispute between the parties as to the proper interpretation of the second standard for release. The district court took the matter under advisement and later issued a written order granting bail because incarceration "would mean in all probability that his sentence would be served prior to the determination of the merits of the appeal." The government contends that because the district court did not address the issue of whether Bayko was a danger to the community in the written order that this requirement was not taken into account in the decision to grant bail. Alternatively, if the district court's oral finding of no danger to the community is found to be incorporated into the written order, the government contends that we should independently review the propriety of this finding.

It appears to us that, although the district court did not reiterate its earlier findings in the written order, these findings may be considered to be incorporated in it. The transcript of the sentencing hearing makes it quite clear that the court did take the issue of dangerousness into account and took pains to make a specific finding on this point. The written order may be considered to be grounded upon the findings made by the court at the sentencing hearing.

Under 18 U.S.C.A. § 3143(b) (1985), the defendant must show "by clear and convincing evidence" that he or she "is not likely to flee or pose a danger to the safety of any other person or the community if released...." § 3143(b)(1). The government points to the fact that defendant had nine previous convictions to show that he is a person with a "propensity" for committing criminal acts. In 1973, he was convicted of filing a false report of a crime with the police, four charges of assault, and one charge of being an accomplice to aggravated assault. In 1974, he was convicted of two more assaults. In 1978, he was again convicted of assault. In 1980, he was convicted of possession of controlled substances and, in 1981, he was convicted of dealing in counterfeit federal reserve notes. In addition, the government told the district court, although there is nothing in the record to confirm this since the pro-

bation report which is the source of this information is not part of the record on appeal, that the reason Bayko pointed the gun at the door was because he felt a need to protect himself from people who were going to try and collect money he owed them for purchases of drugs.

Defense counsel pointed out that most of Bayko's early convictions were the result of his association with a motorcycle club which was disbanded sometime in the mid-seventies. He also argued that Bayko is now in a stable relationship and that he was in a very serious accident in 1984 which almost resulted in the loss of his leg, and, therefore, is no longer the young hell-raiser that he once was. Defense counsel contended that the circumstances of Bayko's most recent arrest were not indicative of either a violent person or a person prone to criminal activity. His past involvement with an "unsavory" crowd reasonably led him to view an unidentified knock on the door at 4:30 in the morning with some trepidation and, upon seeing that it was a police officer at the door, he immediately dropped the gun he had picked up in self-defense. An additional factor which seems to have influenced the district court was the presentence report, which found that Bayko could be rehabilitated and recommended that he be put on probation.

■ We cannot agree with the district court's finding that Bayko was not a danger to the community. Upon appeal, the defendant has the burden of showing "by clear and convincing evidence" that he or she will not be a danger to the community, Fed.R.App.P. 9(c); 18 U.S.C.A. § 3143(b), even where it is the government which has taken the appeal. "The motion shall be determined upon such papers, affidavits, and portions of the record as the parties shall present...." Perhaps the most positive information about the defendant, the presentence report, was not included in the record upon appeal.[7] Although it is by no

means clear that having this report before us would have led us to a different conclusion, without the report we certainly cannot see "clear and convincing evidence" that the defendant will not pose a danger to the community, either by violent acts or criminal activity. The presentence report cannot explain away the fact that defendant armed himself with a .38 revolver, a deadly weapon that he made even more deadly by partially loading it with hollow-nosed bullets. The possession of a firearm partially loaded with bullets designed to maim or kill by one with defendant's background is by itself "clear and convincing" evidence of dangerousness.

We now address the questions raised by the district court's finding that the second requirement for bail had also been met. At the sentencing hearing, the district court discussed the meaning of the provision which requires that an appeal raise "a substantial question of law or fact likely to result in reversal or an order for a new trial." It concluded that it could not be read to mean that bail would not be granted unless the district court made a finding that it was likely to be reversed:

> THE COURT: I don't want to get into polemics about the new Act, but I think that second section is ridiculous. If I thought that there's a substantial inclination I was going to be reversed why should I find him guilty in the first place? That's asinine.

The district court then went on to make a finding that there was a "possibility of reversal." As we stated above, we consider this finding to have been incorporated into the written release order.

The government agrees with the district court that the language requiring "a substantial question of law or fact" should not be read to mean that "it was more likely than not" that conviction would be reversed upon appeal. Such a strict standard

---

7. We recognize that under Federal Rule of Criminal Procedure 32(c)(3)(E) copies of the presentence investigation report are to be returned to the probation officer following imposition of sentence "unless the court, in its discre-

tion otherwise directs." This, however, does not relieve a defendant, especially one represented by counsel, from requesting that the report be included in the record on appeal.

would virtually eliminate bail, a result the government contends was not intended by Congress. The government does argue, however, that the "substantial" language was used to create a more rigorous standard than the requirement under the old statute, 18 U.S.C. § 3148 (repealed), that the appeal not be "frivolous." It suggests that the statute should be read to require that the issue appealed be a " 'close' question or one that very well could be decided the other way," the interpretation used in *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985). The government argues against the approach suggested by the Third Circuit in *United States v. Miller*, 753 F.2d 19 (3d Cir.1985), where a "substantial question" was defined as "novel, ... not ... decided by controlling precedent, or ... fairly doubtful." *Id.* at 23. Defendant, on the other hand, urges upon us the definition adopted by the Ninth Circuit in *United States v. Handy*, 761 F.2d 1279, 1282–83 (9th Cir.1985), which defined a substantial question as one which is "fairly debatable," a standard which is more rigorous than the old "frivolous" test but less rigorous than the Eleventh Circuit's requirement that the question be "close." *Id.* at 1282 n. 2.

Seven circuits have, thus far, rendered opinions on the meaning of this provision. *United States v. Randell*, 761 F.2d 122, 123 (2d Cir.1985); *United States v. Miller*, 753 F.2d 19 (3d Cir.1985); *United States v. Valera-Elizondo*, 761 F.2d 1020 (5th Cir. 1985); *United States v. Powell*, 761 F.2d 1227 (8th Cir.1985); *United States v. Handy*, 761 F.2d 1279 (9th Cir.1985); *United States v. Affleck*, 765 F.2d 944 (10th Cir.1985) (en banc); *United States v. Giancola*, 754 F.2d 898 (11th Cir.1985). Although there are some differences between the interpretations adopted, there are a number of points upon which all seven circuits are in agreement. All agree with the Third Circuit that the provision cannot be read to mean that bail is not to be granted unless the district court is willing to say that it will probably be reversed:

> [W]e are unwilling to attribute to Congress the cynicism that would underlie the provision were it to be read as requiring the district court to determine the likelihood of its own error. A district court who, on reflection, concludes that s/he erred may rectify that error when ruling upon post-trial motions. Judges do not knowingly leave substantial errors uncorrected, or deliberately misconstrue applicable precedent. Thus, it would have been capricious of Congress to have conditioned bail only on the willingness of a trial judge to certify his or her own error.

*Miller*, 753 F.2d at 23. In addition, all agree that the provision breaks down into two distinct requirements:

> (1) that the appeal raise a substantial question of law or fact and
> (2) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts. on which imprisonment has been imposed.

*Id.* The second requirement has provoked very little controversy. It has generally been read to mean that if error is found, it must not be harmless or unprejudicial error. Both the Fifth and Eighth Circuits have added the additional gloss that "likely to result in reversal" should be read to mean that "it is more probable than not that" a favorable decision will result in a reversal of the conviction or a new trial.

We have no hesitation in joining the other circuits on these points. "It has been called a golden rule of statutory interpretation that unreasonableness of the result produced by one among alternative possible interpretations of a statute is reason for rejecting that interpretation in favor of another which would produce a reasonable result." Sutherland, Statutory Construction, ¶ 45.12 (4th ed. 1984). We agree with the Third Circuit and the six circuits which have followed it that while Congress may have meant to significantly restrict access to bail pending appeal, *see* S.Rep. No. 225, 98th Cong., 1st Sess. at 3, 26–27 (1983), *reprinted in* 1984 U.S.Code Cong. & Ad. News at 3185, 3209–10, it did not mean to

make the availability of bail pending appeal subject to a "Catch–22" interpretation. Therefore, we reject the construction which would make bail contingent upon a finding by the district court that it is likely to be reversed. We also agree with the other circuits that the language in the statute which reads "likely to result in reversal or an order for a new trial" is a requirement that the claimed error not be harmless or unprejudicial. This leaves only the interpretation of the language requiring a "substantial question of law or fact."

Several different interpretations of the words "substantial question of law or fact" have been made by the other circuits. The one receiving widest acceptance is that of the Eleventh Circuit, adopted by the Second, Fifth, Eighth, and Tenth Circuits: "a 'close' question or one that very well could be decided the other way." *Giancola,* 754 F.2d at 901. The determination of whether a question is "close" or not is to be made on a case-by-case basis. The Third Circuit, the first to consider this question, suggested that a "substantial" question is one that is "novel," "undecided," or "fairly doubtful." *Miller,* 753 F.2d at 23. This formulation was rejected by the Eleventh Circuit because

> an issue may be without controlling precedent largely because the issue is so patently without merit that it has not been found necessary for it to have been resolved. Thus, an issue could well be substantial even though one could not point to controlling precedent. Similarly, there might be no precedent in this circuit, but there may also be no real reason to believe that this circuit would depart from unanimous resolution of the issue by other circuits.

*Giancola,* 754 F.2d at 901.

Most of the circuits have also rejected the Third Circuit's "fairly doubtful" interpretation, along with the Ninth Circuit's suggestion that a question is substantial if it is "fairly debatable." *Handy,* 761 F.2d at 1283. The Ninth Circuit based its determination upon long-standing precedent interpreting "substantial" to mean "fairly de-batable." *Id.* at 1281–83. Those circuits which have rejected this formulation in favor of the *Giancola* "close" test have done so primarily because of a concern that the "fairly debatable" test does not work enough of a change from the prior standard that a question not be "frivolous." "We doubt that Congress would have gone to the trouble of passing a new statute to obtain no more change than is brought about by either *Miller* or *Handy.*" *Powell,* 761 F.2d at 1233.

We think that the *Giancola* test more accurately reflects the intent of Congress to restrict access to bail pending appeal and adopt its "substantial question" definition. Comparing the requirement that the issues presented for appeal be "close" with the standard applied by the district court in this case, we do not think that the district court applied as rigorous a test as the statute requires. The finding made by the district court was that there was "a possibility of reversal." This cannot mean "a 'close' question or one that very well could be decided the other way." Having reviewed the issues available to defendant on appeal, we are unable to see that they are "close," in the sense that there is some question that very well could be decided the other way. Responding to a noise complaint, Officer Koehler knocked on the door of Bayko's apartment after hearing the sound of television coming from it. No precedent has been cited for the proposition that knocking on someone's door under such circumstances, even in the early morning hours, might be a constitutional violation such as would lead to suppression of the evidence of what happened after Bayko opened the door. Accordingly, we hold the second requirement for bail pending appeal was not met.

The defendant, having failed to meet the requirements of 18 U.S.C.A. § 3143(b), is not entitled to release on bail pending his appeal.

*The order of the district court is vacated and bail is revoked forthwith.*

SO ORDERED.