UNITED STATES of America, Appellee,

v.

William COLON BERRIOS,
Defendant, Appellant.

No. 85–1493.

United States Court of Appeals,
First Circuit.

April 23, 1986.

David W. Roman, First Asst., Federal Defender, Chief, Appellate Div., Old San Juan, P.R., for defendant, appellant.

Daniel F. Lopez Romo, Asst. U.S. Atty., Hato Rey, P.R., for appellee.

Before CAMPBELL, Chief Judge, TORRUELLA,* Circuit Judge, and PETTINE,** Senior District Judge.

ORDER OF COURT

In view of the substantial sentence received by appellant, and the pendency of serious charges against him in the courts of the Commonwealth of Puerto Rico, we are not disposed to disagree with the district court that appellant has failed to meet his burden of demonstrating by clear and convincing evidence that he is not likely to flee. The renewed motion for conditional release pending appeal is denied.

TORRUELLA, Circuit Judge (dissenting).

This matter is before us on appellant William Colón-Berríos' renewal of motion for conditional release pending appeal.

Appellant was found guilty after a jury trial of (1) conspiracy to obstruct justice by committing perjury in a federal civil deposition in violation of 18 U.S.C. § 371; and (2) committing perjury in a federal civil deposition in violation of 18 U.S.C. § 1621. Upon sentencing, the district court committed appellant to the custody of the Attorney General thereby revoking a conditional release it had previously granted Colón-Berríos

pursuant to 18 U.S.C. § 3143(a). Subsequently, Colón-Berríos filed a motion for conditional release pending appeal pursuant to 18 U.S.C. § 3145(c) and Fed.R.App.P. 9(b). A divided panel of this Court denied said motion on November 15, 1985 noting that appellant had failed to sustain the statutory burden under 18 U.S.C. § 3143(b). Particularly, the Court observed that appellant had not met his burden of showing that he was not likely to flee (18 U.S.C. § 3143(b)(1)) in light of the substantial sentence he received (three consecutive four-year terms of imprisonment) and the pendency of state murder charges against him. At the time, I noticed my dissent. Today, a panel of this Court refuses to grant appellant's renewed request. I dissent because I believe compliance with § 3143(b) has been established.

Section 3143(b) provides in part:

(b) *Release or Detention Pending Appeal by the Defendant.* The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds ...

(1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and

(2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

The record shows that appellant (1) has complied with § 3143(b); and (2) is, therefore, entitled to bail pending the prosecution of this appeal.

First, the record shows that appellant does not pose a danger to the safety of any other person or the community. The presentence report indicates that appellant has no significant prior antisocial or criminal history. He grew up in a stable, problem free environment. Positive accounts of ap-

---

* Judge Torruella does not concur in this order, and his dissent follows.

** Of the District of Rhode Island, sitting by designation.

pellant were received from his present wife, former wife, and neighbors. No incidents of disruption or violence by appellant occurred while on bail during trial or after conviction prior to sentencing. Moreover, the record is devoid of any evidence of threats or witness intimidation by appellant. This is particularly significant as the legislative history of the 1984 Bail Act repeatedly emphasizes that defendants who have threatened witnesses pose a significant danger to the community. *See* S.Rep. No. 225, 98th Cong., 1st Sess. at 7, 12, 15, 21, *reprinted in* 1984 U.S.Code Cong. & Adm.News at 10, 15, 18, 24, 25 (Supp. 9A). *Accord, United States v. Delker,* 757 F.2d 1390, 1400 (3d Cir.1985) (bail denied in part because of evidence of intimidation of witnesses by defendant). Thus, both the probation report and trial history show appellant's compliance with § 3143(b)(1).

Second, Colón-Berríos does not appear to present a risk of flight justifying denial of bail. Among the factors relevant to the issue of possible flight are: (1) the defendant's family ties, character and mental condition; (2) the length of his residence in the community; (3) his record of appearance at court proceedings or of flight to avoid prosecution; (4) the nature and circumstances of the offense; and (5) his prior criminal record. *See* 18 U.S.C. § 3142(g); *see also United States v. Stanley,* 469 F.2d 576, 583 (D.C.Cir.1972). *Accord, United States v. Bishop,* 537 F.2d 1184, 1185 (4th Cir.1976); *United States v. Miranda,* 442 F.Supp. 789 (S.D.Fla.1977).[1] Application of these factors justifies granting bail.

## A

The record shows that Colón-Berríos has family ties to Puerto Rico and no apparent

ties elsewhere. Before incarceration he was living with his third wife and three year old son. Appellant has lived in Puerto Rico all his life. (Colón-Berríos is 41 years old). Since both family ties and a defendant's length of residence in the community support the inference that a defendant will appear as required, *United States v. Birges,* 523 F.Supp. 472, 475–76 (D.Nev.1981), those factors allow the conclusion here that appellant will stay in Puerto Rico if released.

## B

A defendant's mental condition is a valid indicator of whether he will flee. *Id.; see also* 18 U.S.C. § 3142(g). Thus, it has been noted that a defendant's mental stability allows an inference that he will stay. 523 F.Supp. at 476.

As noted above, the presentence report shows that appellant grew up in a stable environment. Good accounts were received from his present wife, former wife and neighbors. The report notes the absence of history of mental and/or emotional disorders regarding appellant. It also describes Colón-Berríos as emotionally stable. Accordingly, the record reflects mental stability supporting the inference that appellant will not flee. *Cf. DeVeau v. United States,* 454 A.2d 1308, 1317–18 (D.C.App. 1982) (bail denied in part because defendant had been diagnosed as a paranoid schizophrenic, and unstable mental condition created risk of flight).

## C

An individual's lack of compliance with conditions on bail pending sentencing is strong evidence of a defendant's potential to flee. *United States v. Oliver,* 683 F.2d 224, 235 (7th Cir.1982). Colón-Berríos was given bail during trial and after conviction

---

1. Section 3143(b) does not specify criteria to be considered in determining whether an appellant poses a risk of flight. A Congressional Committee Report on the 1984 Bail Act, however, clarified that consideration of factors enumerated in 18 U.S.C. § 3142(g) is proper where release is sought after conviction under § 3143. S.Rep. No. 225, 98th Cong., 1st Sess. at 23 (1983), *reprinted in* 1984 U.S.Code Cong. & Ad.News at 3206. As cases cited in the text show, the same gap in criteria for granting bail pending appeal existed under the 1966 Bail Act and was filled by way of referring courts to the factors enumerated in Section 3146 of that Act, the predecessor of § 3142(g).

pending sentencing. He fully complied with conditions set forth by the district court in granting bail. This compliance serves as evidence that he (1) will further comply with court's orders, and (2) does not intend to flee.

### D

The nature and circumstances of the offense shed light on, *inter alia,* the possible term of imprisonment faced by a defendant. *United States v. Birges, supra* at 475. Substantial terms of imprisonment faced by defendants support an inference of flight justifying denial of bail. *Id.* As Colón-Berríos faces a 12 year term of imprisonment, it may be argued that he poses a risk of flight worth denying bail.

Appellant, however, faces a shorter term of imprisonment than that faced by defendant in *Truong Dinh Hung v. United States,* 439 U.S. 1326, 99 S.Ct. 16, 58 L.Ed.2d 33 (1978), a case in which Justice Brennan, acting as Circuit Justice, granted bail pending appeal. Moreover, as *Truong Dinh Hung* makes clear, risk of flight must be assessed on the basis of the several factors stated therein. *Id.* at 1329, 99 S.Ct. at 18. As noted above, this view was expressed by the Senate Report on the 1984 Bail Act. S.Rep. No. 225, 98th Cong., 1st Sess., *ante* at 212 n. 1. Thus, even though Colón-Berríos faces a 12 year term

of imprisonment, such term does not constitute an unsurmountable obstacle to bail due to the totality of circumstances present in this case.[2]

### E

It has been stated that the possibility of conviction in state prosecutions coupled with conviction in federal court gives appellants an incentive to flee. *United States v. Oliver, supra* at 235. It is reasoned that a defendant should not be granted bail in these circumstances because he may flee to avoid state prosecution. *Id.* As appellant faces a 12 year federal term of imprisonment and two murder charges in state court, it might be arguable that *Oliver* serves to justify denying bail.

The problem with this reasoning, however, is that the Commonwealth of Puerto Rico, where murder charges are pending, *granted appellant bail pending trial.* When murder charges were filed, appellant had already been indicted for conspiracy and perjury at the U.S. District Court for the District of Puerto Rico. Puerto Rico's bail statute directs Commonwealth judges to consider a variety of factors similar to those considered by federal judges under 18 U.S.C. § 3142(g). *See* P.R.Rule of Crim.P. 218.[3] Moreover, as stated in Rule 218, "in fixing the amount of bail there shall be considered the circumstances con-

---

**2.** It is worth noting that the defendant in *Truong Dinh Hung* was a Vietnamese citizen convicted for espionage and related offenses, and facing a term of imprisonment of 15 years. Upon conviction, the district court revoked bail on the basis of, *inter alia,* the risk of flight given the severity of the potential sentences (at the time defendant had not been sentenced and faced the possibility of two life sentences as well as additional terms of imprisonment totalling 35 years), and the fact that appellant was not an American citizen. The Court of Appeals sustained the revocation. Justice Brennan disagreed and granted bail noting that even though there was evidence that appellant had not established permanent residence in the United States, and should he flee to Vietnam the United States would have had no means to procure his return, other evidence supported the inference that he was not so inclined.

Among factors supporting bail were (1) appellant's compliance with terms of pretrial bail; (2)

continuous residence in the United States; (3) extensive ties in the community; and (4) affidavits attesting to his character and to his reliability as a bail risk. Like the defendant in *Truong Dinh Hung,* appellant here (1) fully complied with terms of pretrial bail; (2) has continuously lived in Puerto Rico; and (3) has extensive ties to the community. Thus, the *Truong Dinh Hung* reasoning supports bail here despite the fact that Colón-Berríos faces a 12 year term of imprisonment.

**3.** These are: (1) nature and circumstances of the offense charged; (2) links of the accused with the community, among them his time of residence, his employment record and his family relations; (3) character and mental condition of the accused; (4) economic means of the accused; and (5) record of the accused on previous appearances and compliance with judicial orders.

nected with the adequate guarantee of appearance of the accused ..." *Ibid.* Yet Puerto Rico's Superior Court where the murder charges are actually pending, thought so little of the risk of appellant fleeing, that it only required a *$2,500.00* bond in granting bail to Colón-Berríos. Obviously, the judicial officer of the court at which charges are pending thought that Colón-Berríos was not a risk worth requiring a substantial bond; $2,500.00 was enough to guarantee appellant's appearance at trial. Thus, I do not believe we should read in pending state charges a greater risk than that perceived by the Puerto Rican courts where appellant is in fact charged.

In sum, the aforementioned factors are designed to enable a court to predict from objective manifestations whether the defendant intends to flee. *United States v. Meinster,* 481 F.Supp. 1117, 1123 (S.D.Fla. 1979). The totality of circumstances here allow the conclusion that appellant does not pose a risk of flight. Accordingly, I believe that appellant has clearly and convincingly complied with 18 U.S.C. § 3143(b)(1).

Third, with the record *now* before us, vis-a-vis what was before us when the original petition was made, appellant has identified substantial questions of law "likely to result in reversal or an order for a new trial." As noted in *United States v. Bayko,* 774 F.2d 516 (1st Cir.1985), we need *not* conclude that a defendant's conviction is *in fact* to be reversed before concluding compliance with § 3143(b)(2). Moreover, *Bayko* does *not* even require a finding that the district court "is likely to be reversed." *Id.* "[T]he language in the statute which reads 'likely to result in reversal or an order for a new trial' is a requirement that the claimed error not be harmless or unprejudicial." *Id.* As a substantial question of law is a "close" question or "one that very well could be decided the other way," it is clear to me that Colón-Berríos has met his burden under § 3143(b)(2).

Without prejudging at this time the final outcome of his appeal, I believe that Colón-Berríos has raised and briefed several issues on appeal which meet the requirements of § 3143(b)(2).

Had applicable law required that a reversal be certain or highly probable I would not be adopting the position that I take here. Yet the *Bayko* standards are unambiguous. Accordingly, I believe that Colón-Berríos has complied even with the high standard set by Congress to justify bail under § 3143(b).[4] Therefore, bail

---

4. Congress intended § 3143(b) to result in a presumption against release of convicted defendants pending appeal. As noted by Judge Breyer in *United States v. Jessup,* 757 F.2d 378 (1st Cir.1985), Section 3143 differs from the Bail Reform Act of 1966, under which even convicted defendants were presumptively entitled to the same opportunity for release on bail as defendants who had not already been convicted. *Id.* at 382; *see* 18 U.S.C. former § 3148. Moreover, under former § 3148 the burden was on the government to establish that risk of flight or danger to the community existed to justify denying bail pending appeal. *See* Wright, *3A Federal Practice and Procedure: Criminal 2d* § 767 at 123 (1982).

The adoption in 1972 of Appellate Rule 9(c), however, shifted this burden under § 3148. *United States v. Provenzano,* 605 F.2d 85, 94 (3d Cir.1979). Rule 9(c) provided in part, "[t]he burden of establishing that the defendant will not flee or pose a danger to any other person or the community rests with the defendant." Judicial decisions subsequent to the 1972 amendment appear to have accepted without question this shift. *Id.* Yet even after the enactment of

Rule 9(c) it was still provident upon the government to establish that an appeal was frivolous or taken for delay. Advisory Committee Notes on App.Rules (1972).

In enacting § 3143 Congress placed the burden as to *all* elements bearing on whether to grant bail pending appeal on defendants. 18 U.S.C. § 3143(b); Fed.R.App.P. 9(c) (1984). Thus, contrary to what was the case under 18 U.S.C. § 3148 (repealed) and Fed.R.App.P. 9(c) (1972), the government is now free of burdens under § 3143(b). Moreover, Congress wrote into the 1984 Bail Act the need for defendants to establish that the appeal raises substantial questions of law or fact likely to result in reversal or an order for a new trial. 18 U.S.C. § 3143(b)(2). These changes will undoubtedly fulfill the Congressional purpose that a lesser number of convicted defendants be granted bail pending appeal. Yet while Congress meant to significantly restrict access to bail pending appeal, it certainly did not mean to suppress that access altogether. *United States v. Bayko, supra* at 522. Only those meeting the criteria set forth in § 3143(b)—and by reference § 3142(g)—are

should be granted pending the prosecution of this appeal.

Finally, although the record supports appellant's release, I note that it is lacking in *specific* findings by the district court on whether appellant has met criteria set forth by § 3143(b). This is significant because, as noted in *Bayko*, in reviewing post-conviction release matters, this Court should *not* divorce itself from what has taken place below. 774 F.2d at 520. Yet "the values of initial consideration by a district judge are lost to the extent that the significance he assigned to the various and often conflicting factors—legal and factual—is left unknown." *United States v. Stanley, supra* at 583. Accordingly, Fed.R.App.P. 9(b) directs courts to "state in writing the reasons for the actions taken" in denying or granting bail. *Ibid; see* Advisory Committee Notes on Fed.R.App.P. 9(b). This certainly requires more than a recitation of conclusory statements that a defendant has failed to comply with the bail statute. *See, e.g.,* 469 F.2d at 584 and cases cited therein; *see also United States v. Delker, supra* at 1393 ("A detention order must include findings of fact and a statement providing the reasons for detention. . . ."). Unfortunately, however, the court below denied bail in a perfunctory order which essentially repeated the wording of 18 U.S.C. § 3143.

Courts of appeals facing the issue of noncompliance with Rule 9(b) have remanded for compliance therewith where bail had been denied and the record failed to show the criteria for denial used by the district court. *See United States v. Stanley, supra* at 587. *Cf. Government of Virgin Islands v. Leycock,* 678 F.2d 467, 469–70 (3d Cir.1982) (remand proper in part because district court had not considered evidence initially submitted to court of appeals in support of motion for bail pending appeal). Thus, before refusing to grant bail this Court should at the very least remand for *specific* findings on the district court's view regarding appellant's compliance with § 3143(b) and § 3142(g).

entitled to bail on appeal. Such is the case

This is specially compelling here, when one considers that appellant was given bail during trial and after conviction prior to sentencing. Although it may be that the fact of sentencing was paramount in the district judge's decision to revoke bail, she did not weigh for the record this factor against others set forth by § 3142(g). Of interest here is the record's failure to show what weight, if any, the district judge gave to the Superior Court's decision to only require a $2,500.00 bond to guarantee appellant's appearance in state court. It may be that appellant's demeanor led the district judge to conclude that the correct decision under the circumstances was to revoke bail. Yet the record simply fails to cast any light on the district court's weighing process. Thus, I do not see how we can, on this scant record, deny bail. *Bayko,* 774 F.2d at 520. Under the circumstances this Court should at the very least remand for compliance with Fed.R.App.P. 9(b).

As the Court refuses to either grant bail pending appeal or remand for compliance with Fed.R.App.P. 9(b), I respectfully dissent.