891 F.2d 287
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James O. BAKKER, Defendant-Appellant.
 No. 89-5687.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 1, 1989.
Decided: Nov. 8, 1989.
 
 Milton Erwin Grusmark, for appellant.
 Jerry Wayne Miller, Assistant United States Attorney, for appellee.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James O. Bakker is before this court on a renewed motion under Fed.R.App.P. 9(b) for release pending appeal of his conviction and sentence on criminal charges. Bakker had also sought a temporary stay from a single circuit judge pending determination of the renewed motion; the stay was not ordered, effectively denying it, and the merits of the renewed motion are now before the court. The matter being ripe for decision, we deny the motion.
 
 
 2
 Bakker was convicted by a jury on October 5, 1989, on all twenty-four counts of an indictment charging mail and wire fraud and conspiracy. After a hearing, the district court released Bakker pending sentencing, imposing a $250,000 bond secured by ten percent of the bond, and other release conditions. Bakker was sentenced October 24, 1989; on that date he filed notice of appeal of the conviction and sentence with this Circuit and also filed in the district court a motion for release pending appeal. The district court, after a hearing, denied the motion. Bakker then renewed his motion before this court.
 
 
 3
 Our consideration of this motion is governed by Fed.R.App.P. 9(b), which provides that the motion "shall be determined promptly upon such papers, affidavits, and portions of the record as the parties shall present." Before the court are Bakker's motion to the district court with a supporting brief, his renewed motion with supporting brief to this court, a transcript of the district court's hearing on the motion for release which contains that court's reasons for denying the motion, the government response with supporting brief in opposition to the motion for release, a copy of the district court's order denying Bakker's pre-trial motion for a change of venue, and the government's trial and sentencing memoranda.
 
 
 4
 In this court, as in the district court, the burden is upon the defendant to show first, by clear and convincing evidence, that he is not likely to flee or to pose a danger to any other person or the community; then that the appeal is not for the purpose of delay; and finally that the appeal raises a substantial question of law or fact that, if favorably determined, is likely to result in reversal, a new trial order, or reduction of sentence to eliminate any imprisonment or to a term less than time served plus the expected duration of the appeal process. See 18 U.S.C. § 3143; Fed.R.App.P. 9(c). Failure to establish any of these therefore warrants denial of the motion.
 
 
 5
 The district court denied release solely on the basis that the defendant had not shown by clear and convincing evidence that he was not likely to flee. Defendant sought in the district court to establish that he was not a risk of flight by the oral testimony of three witnesses each of whom opined that on the basis of their close association and personal knowledge of his character and inclinations, defendant was not such a risk. The court found this testimony--none of which was tested by cross-examination--not sufficiently convincing to overcome the court's perception that the profound devotion of defendant's followers alone posed a sufficient risk of flight. In the court's words, based upon the representations in "hundreds" of letters from these followers to the court saying that "they'd do anything, ... I think they would do anything to take Mr. Bakker and put him in a position where he wouldn't have to serve his sentence, and I am not going to take that risk." Though the parties' written and oral submissions also joined issue on the questions of defendant's danger to the community and the substantiality of questions raised by the appeal, the district court did not address either of those expressly.
 
 
 6
 On his renewed motion in this court, defendant again has the burden to establish each of the conditions warranting release, and relies here on his submissions in the district court as well as new briefing. Here again, the parties specifically join issue only on the risk of flight and substantiality of appeal questions--though we do not understand the government to have conceded that defendant is not also a risk to the community.
 
 
 7
 In any event, it is sufficient for our decision to address only the risk of flight and substantial question issues, for we find them dispositive. We take them in order.
 
 
 8
 Though we address the risk of flight issue on renewed motion rather than on review by appeal of the district court's determination, we nevertheless owe deference to the district court's determination on that essentially factual matter, particularly where, as here, it is based largely on that court's superior vantage point in assessing witness demeanor. We believe indeed that Rule 9(b)'s requirement that the district court give in writing its reasons for refusing post-conviction release mandates court of appeals deference on renewed motions with respect to such largely factual determinations. See Advisory Committee Note to Fed.R.App.P. 9(b) ("motion is functionally identical with ... appeal"). We think the deference owed is essentially that contemplated by "clearly erroneous" review pursuant to Fed.R.Civ.P. 52(a) where, as here, no new "evidence" on the issue is presented in this court. Cf. United States v. Bayko, 774 F.2d 516, 519-20 (1st Cir.1985).
 
 
 9
 Approaching the question here on that basis, we are not prepared to say that the district court's determination, for the reasons it stated, was clearly erroneous. We of course do not have before us the text of the letters upon whose contents the district court seems primarily to have relied. But we think we can properly assume from the failure of the defendant to challenge the district court's general characterization of their contents its basic accuracy: that a great number of defendant's followers are prepared, for whatever reason, to "do anything for him," or at least to assert such a willingness to a federal judge conducting his trial and sentencing. There remains of course the necessity to draw from such representations the further judicial inferences that they were seriously made and included a willingness to carry them out to the point of assisting defendant's flight. Those are undoubtedly serious additional inferences, but we see no basis upon which to declare them clearly erroneous on the record before us. They were made by an experienced district judge obviously aware of their seriousness. They are not manifestly without support in the record. The ultimate risk-of-flight determination is one--however made and on whatever evidence--that inevitably involves a high component of informed judgment in predicting future conduct. On the record before us, we cannot gainsay the district court's informed judgment here.
 
 
 10
 Though we might, therefore, rest denial of the renewed motion on our adoption of the district court's risk-of-flight determination, we think denial is further warranted by the defendant's failure to identify, on the record before us, any "substantial questions of law or fact" which may be raised by the appeal. By his written submissions and oral argument before us, defendant has suggested four such questions: massive adverse pre-trial publicity which, coupled with the district court's refusal to grant a change of venue, denied defendant a fair trial; the erroneous exclusion of certain evidence proffered by defendant; the erroneous admission of certain evidence whose unfair prejudice to defendant outweighed its probative value; and erroneous jury instructions which denied defendant the benefit of McNally v. United States, 483 U.S. 350 (1987).
 
 
 11
 We have carefully considered, within the confines of the necessarily limited record now before us, each of these specific suggestions of substantial questions of law which might result in reversal or remand for new trial. We cannot say on that record that any is "substantial" in the sense--which we think is that contemplated by "substantial"--that it presents "a 'close' question or one that very well could be decided the other way." See United States v. Perholtz, 836 F.2d 554, 555-56 (D.C.Cir.1987). In particular we have considered the substantiality of the pre-trial publicity and evidentiary admission questions which, upon our inquiry at oral argument, counsel for defendant identified as probably the most "substantial," without conceding the other two. Suffice it to say as to each that the government's countering arguments leave us with the impression that the defendant's burden on appeal will be greater than merely to tip judgment on a close question on which decision could have gone the other way.
 
 
 12
 That, of course, is not to pre-judge the merits of either of the identified questions, nor of course of still others that may be raised in due course. It is merely to assess the apparent "closeness" of the identified questions as that appears on the necessarily truncated motion record we consider.
 
 
 13
 For these reasons, we deny the motion.
 
 
 14
 SO ORDERED.