23 F.3d 395
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
David Irizarry CRUZ, Defendant, Appellant.
 No. 94-1444
 United States Court of Appeals,
First Circuit.
 May 6, 1994
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Jose Antonio Fuste, U.S. District Judge ]
 Gustavo A. Gelpi on Motion for Appeal of Detention Order and Motion Requesting Oral Argument, for appellant.
 Guillermo Gil, United States Attorney, and Charles E. Fitzwilliam, Assistant United States Attorney, on brief for appellee.
 D. Puerto Rico
 AFFIRMED.
 Before Torruella, Selya and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 This is an appeal from the decision of the United States District Court for the District of Puerto Rico ordering appellant David Irizarry-Cruz detained pending trial pursuant to 18 U.S.C. Sec. 3142(f).
 
 I. BACKGROUND
 
 2
 Appellant was charged in a four-count indictment with (1) aiding and abetting, while in the possession of a firearm, the taking of a motor vehicle by force and violence in violation of 18 U.S.C. Sec. 2119(1) and Sec. 2; (2) aiding and abetting in the knowing use of a firearm during the carjacking-a crime of violence-in violation of 18 U.S.C. Sec. 924(c)(1) and Sec. 2; (3) aiding and abetting the carjacking while in the possession of a firearm by force and violence resulting in serious bodily injury, in violation of 18 U.S.C. Sec. 2119(2) and Sec. 2; and (4) aiding and abetting, while in the possession of a firearm, a crime of violence in which defendants inflicted serious bodily injury to the victim, in violation of 18 U.S.C. Sec. 924(c)(1) and Sec. 2.
 
 
 3
 Appellant was arrested on February 7, 1994, after an aborted attempt to steal a car the night before. On February 8, the government moved, pursuant to 18 U.S.C. Sec. 3142, that appellant be detained pending trial. The next day an order of temporary detention was entered. On February 11, 1994-three days later-a magistrate judge held a detention hearing. He required the parties to proceed by proffer. Although the government submitted vaious documents, appellant did not submit any affidavits or other evidence. On February 18, 1994, the magistrate judge ordered the pre-trial detention of appellant, finding that no conditions would reasonably assure appellant's presence at trial and the safety of the community. On appellant's motion for reconsideration, the magistrate judge, in a written order, deleted risk of flight as a ground for detention. The trial judge then denied a second motion for reconsideration on March 25, 1994. This appeal ensued.
 
 DISCUSSION
 
 4
 We employ an independent standard of review which nonetheless gives deference to the decision of the district court.
 
 
 5
 We approach our task mindful of our obligation to afford independent review, tempered by a degree of deference to the determinations made below. See United States v. O'Brien, 895 F.2d 810, 814 (1st Cir. 1990). Recognizing that appellate courts are ill-equipped to resolve factbound disputes, this standard cedes particular respect, as a practical matter, to the lower court's factual determinations. See id. at 813; United States v. Bayko, 774 F.2d 516, 520 (1st Cir. 1985). Hence, independent review represents an intermediate level of scrutiny, more rigorous than the abuse-of- discretion or clear-error standards, but stopping short of plenary or de novo review.
 
 
 6
 United States v. Tortora, 922 F.2d 880, 882-83 (1st Cir. 1990).
 
 
 7
 The grand jury indictment of March 3, 1994, gave the district court probable cause to believe that appellant had committed a crime of violence within the meaning of Sec. 3142(f)(1)(A).[1] This, in turn, triggered the rebuttable presumption contained in Sec. 3142(e). See United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991) (per curiam). Thus, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure ... the safety of the community...." 18 U.S.C. Sec. 3142(e). The burden of persuasion remains on the government and the presumption still carries evidentiary weight where, as here, appellant has come forward with "some" refutatory evidence. See id.; see also United States v. Perez- Franco, 839 F.2d 867, 870 (1st Cir. 1988) (per curiam). Keeping the foregoing in mind, we turn to the evidence.
 
 A. Nature and Circumstances of the Offense
 
 8
 As part of its proffer, the government submitted the affidavit of the FBI agent filed in support of the complaint and the warrant for the arrest of appellant and his co- defendant, Ismael Roman-Ortiz. It described the following events which took place on February 6, 1994. The victim, a police officer, was driving an unmarked police vehicle when another car stopped head-on to his, forcing him to stop the automobile he was driving. A person identified as Roman-Ortiz exited from the rear of this car holding a gun. He ordered the victim to get out of the car. When the victim did, Roman-Ortiz shot him. The victim then shot back, injuring Roman-Ortiz.
 
 
 9
 Upon this, Roman-Ortiz fell to the ground and another occupant of the car, identified as appellant, ran to help Roman-Ortiz. Appellant also was carrying a handgun and also shot the victim. Appellant then helped Roman-Ortiz back to the car and they left the scene. Next, Roman-Ortiz was admitted to the Toa Baja Dispensary, accompanied by appellant. Roman-Ortiz told the police that he had been shot in the abdomen and hip while using a public telephone. Meanwhile the officers investigating the shooting of the victim of the attempted carjacking told appellant that he was a suspect in the investigation and informed him of his constitutional rights.
 
 
 10
 Appellant's version of the facts, as presented at the detention hearing by his attorney and in his motion for reconsideration, was as follows. He had absolutely no knowledge of a planned carjacking until Roman-Ortiz said to him and the other two occupants of the car, Alex and Jason, that he (Roman-Ortiz) wanted to "take that car." Appellant then heard a gunshot and went to help Roman-Ortiz; Alex fled the scene. On the way to the hospital, Roman-Ortiz told appellant to say that he (Roman-Ortiz) had been shot in a phone booth. When the police informed appellant that he was a suspect in the carjacking, he fully cooperated with their investigation.
 
 B. Weight of the Evidence
 
 11
 In the order of detention on reconsideration, the magistrate judge rejected appellant's rendition of the events:
 
 
 12
 In relation to the finding of dangerousness, the defendant submits a factual version of what occurred on the evening of the carjacking which appears exculpatory to him and inculpatory to me, and convinces me more clearly that he was not simply an innocent bystander joyriding with friends but was a willing participant in the carjacking. Having had the opportunity to flee the area after watching the attempted carjacking and possible murder, he helped his injured friend, who supposedly announced on the spur of the moment that he was going to take a car. The defendant's version, which taxes my credulity but which may not tax that of a jury, is best left for a jury, and the distrusting eye of cross- examination. Parental supervision is a fiction in this case. I consider that the nature and circumstances of the offense are heinous, and that the weight of the evidence, considering that the defendant will be subject to withering cross- examination, is strong.
 
 
 13
 C. History and Characteristics of the Defendant
 
 
 14
 The magistrate judge acknowledged that appellant had no criminal record and had ties to family and the community. Appellant's attorney pointed out that appellant supports his common-law wife and their child; he also helps raise his wife's other child. He has been steadily employed by his father in the construction business. Their current employer (for whom they were then building a house) would, appellant averred, testify that he was quiet, hard-working and respectful. Finally, he asserted that the fact that he had not fled the scene, but stayed to help Roman-Ortiz, along with his voluntary cooperation with the police, demonstrates that he is not dangerous.
 
 
 15
 On appeal, appellant makes the further argument that the district court mistakenly equated the standard for finding probable cause that a crime of violence had been committed with the requirement that "a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of ... the community shall be supported by clear and convincing evidence." See 18 U.S.C. Sec. 3142(f). Appellant also maintains that the court did not make specific findings concerning what it believed to constitute clear and convincing evidence.
 
 
 16
 We disagree and believe that, on balance, the factors favoring detention outweigh those favoring release. Although appellant has no previous record, the crime of which he is charged is a very violent one. This is not just a case of a stolen car. Rather, appellant is charged with possessing a gun and, in the process of attempting to steal the car, shooting the person driving it. The fact that he did not immediately flee the scene does not detract from the brutal nature of what occurred. Moreover, the evidence against appellant is particularly strong as evidenced by the affidavit of the FBI agent. Finally, the findings of the magistrate judge reflected his awareness of the above factors and adequately articulated the reasons for his determination. Compare United States v. Moss, 887 F.2d 333, 338 (1st Cir. 1989) (per curiam) (a detention order containing only the conclusory statement that defendant failed to rebut the Sec. 3142(e) presumption is inadequate and a remand was required).
 
 
 17
 For the foregoing reasons, the judgment of the district court is affirmed. Appellant's motion for oral argument is denied.
 
 
 
 [1]
 No one disputes that carjacking is a "crime of violence." See United States v. Singleton, 16 F.3d 1419 (5th Cir. 1994)