**UNITED STATES of America Plaintiff,**

**v.**

**Heather A. TYLER, Defendant.**

**No. CRIM.03–94–B–W.**

United States District Court,
D. Maine.

May 3, 2004.

Jeffrey M. Silverstein, Billings & Silverstein, Bangor, ME, Ronald W. Bourget, Bourget & Bourget, P.A., Augusta, ME, for Heather A Tyler (1), Defendants.

James M. Moore, U.S. Attorney's Office, Bangor, for USA, Plaintiff.

### *ORDER ON MOTION FOR STAY OF SENTENCE PENDING APPEAL*

WOODCOCK, District Judge.

### I. Introduction

On April 6, 2004, this Court sentenced the Defendant, Heather Tyler, to be committed to the United States Bureau of Prisons to be imprisoned for a period of six months for execution of a health care fraud scheme, involving the theft of $27,332.15 from her former employer, Augusta Internal Medicine, P.A. The Court ordered the Defendant to self-report to the United States Marshal on or before May 5, 2004. On April 13, 2004, the Defendant filed a notice of appeal to the First Circuit Court of Appeals and, on April 27, 2004, an emergency motion for stay of sentence pending appeal. The Government has objected to the motion. Based on this Court's determination that the appeal satisfies the criteria in 18 U.S.C. § 3143(b)(1), this Court grants the Defendant's motion for stay of sentence pending appeal and orders her to remain on bail under the

same terms and conditions previously imposed.

## II. Discussion

The primary basis for the Defendant's appeal is this Court's imposition of a two level enhancement for abuse of a position of trust and use of a special skill under United States Sentencing Guideline § 3B1.3. The enhancement raised the guideline range of sentence from 0–6 months to 6–12 months. The Defendant contends this Court erred in applying the enhancement provisions of § 3B1.3 and she should remain out of prison while the First Circuit considers the merits of her appeal.

The standards the Court must apply to a motion for stay pending appeal appear in 18 U.S.C. § 3143(b)(1)(B)(iv), which states, in pertinent part:

[T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal ... be detained, unless the judicial officer finds—

.    .    .    .    .

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in

.    .    .    .    .

(iv) a reduced sentence to a term of imprisonment less than... the expected duration of the appeal process. If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title.... [1]

In *United States v. Bayko,* the First Circuit pointed out that the literal language of § 3143(b)(1)(B)(iv) would present a classic "Catch 22," as the district court would be required to conclude its own ruling is likely to be reversed and, if the court had concluded it was likely making the wrong decision, it would have made the right one. 774 F.2d 516, 521–22 (1st Cir.1985). The *Bayko* Court concluded the statutory language, "likely to result in a reversal or order for new trial" (or, in this case, a reduced sentence) is "a requirement that the claimed error not be harmless or unprejudicial." *Id.* at 523.

This leaves the Defendant the obligation in this case to satisfy the second standard: the appeal must present a "substantial question of law or fact." *Id.* In *Bayko,* the First Circuit adopted the Eleventh Circuit's view that this language means that the question is "a 'close' question or one that very well could be decided the other way." *Bayko,* 774 F.2d at 523 (quoting *United States v. Giancola,* 754 F.2d 898, 901 (11th Cir.1985)).

## III. Conclusion

With this guidance, this Court concurs with the Defendant's position that the application of the § 3B1.3 abuse of trust and use of special skill enhancement presents a substantial question of law or fact for which it is appropriate under § 3143(b) to release her during the pendency of her appeal. The Court's sentence is stayed pending appeal and Defendant Tyler is to remain on bail under the same terms and conditions previously imposed.

SO ORDERED.

---

1. 18 U.S.C. § 3143(b)(1)(A) also requires that the Court find by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released. The Government does not appear to dispute that the Defendant meets this standard. The Court concurs. There is no indication that Ms. Tyler poses a risk of flight or a danger to anyone in the community.