UNITED STATES of America,
Plaintiff-Appellant,

v.

Jose M. FERNANDEZ–TOLEDO, Lazara
E. Rodriguez-Sensat, Carlos S. Lahera-
Gonzalez, and Rafael E. Franjul, De-
fendants-Appellees.

No. 84–5605.

United States Court of Appeals,
Eleventh Circuit.

Jan. 3, 1985.

Linda Collins-Hertz, Jon May, Barbara Petras, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellant.

Edward R. Shohat, Benedict P. Kuehne, Bierman, Sonnett, Shohat & Sale, Miami, Fla., for defendant-appellee Jose Fernandez-Toledo.

Federico A. Moreno, Miami, Fla., for defendant-appellee Lazara Rodriguez-Sensat.

John Lazarus, Miami, Fla., for defendant-appellee Carlos Lahera-Gonzalez.

Ron Dion, North Miami Beach, Fla., for defendant-appellee Rafael Franjul.

Before HATCHETT and CLARK, Circuit Judges, and STAFFORD *, District Judge.

PER CURIAM:

## I. The Facts Underlying the Controversy

The appellees in this case were arrested and indicted for engaging in drug trafficking and racketeering.[1] A magistrate set bail for Rodriguez-Sensat and Lahera-Gonzalez and denied bail to Fernandez-Toledo and Franjul. The district judge reviewing the bail determination set bail for Fernandez-Toledo and Franjul and lowered the

---

* Honorable William H. Stafford, Chief U.S. District Judge for the Northern District of Florida, sitting by designation.

1. The 20-count RICO indictment charged seven named defendants (including the four who are parties to this appeal), in various combinations of persons, with violation of 18 U.S.C. §§ 2 (aiding and abetting), 201(d) (bribery), 371 (conspiracy), 1503 (obstruction of justice), 1952 (travel act), 1962(c) and (d) (conducting and participating in the affairs of an enterprise through a pattern of racketeering activity and conspiracy to do so), 21 U.S.C. §§ 841(a) (possession of in excess of 1,000 pounds of marijuana with intent to distribute), 846 (conspiracy), 848 (conducting a continuing criminal enterprise), 952(a) (importation) and 963 (conspiracy and attempt to import). Fernandez was charged in each count; Rodriguez was charged in 14 counts; Lahera was charged in nine counts; and Franjul was charged in three counts, including the RICO conspiracy count.

amount of bail set for Rodriguez-Sensat and Lahera-Gonzalez.[2] The government, fearing that government witnesses would be harmed if Fernandez-Toledo and Franjul were released,[3] attempted to appeal the district court's bail order, and alternatively petitioned the court of appeals to issue a writ of mandamus compelling the district court to properly exercise his discretion. This court first held that it did not have jurisdiction over the government's appeal because it was an interlocutory matter and not a final appealable order pursuant to 28 U.S.C. § 1291. *United States v. Fernandez-Toledo*, 737 F.2d 912, 916–18 (11th Cir. 1984). However, the court issued a writ of mandamus, pursuant to 28 U.S.C. § 1651, because the district judge in his order indicated that he believed that there was an absolute right to bail under the eighth amendment. This court, holding that there was not an absolute right to bail, concluded that the district court did not exercise the discretion required by the Bail Reform Act and the relevant case law. *Fernandez-Toledo*, 737 F.2d at 920. Therefore, we ordered the district court to exercise its discretion and reconsider the bail issue including as an option the denial of bail altogether. *Id.*[4]

Following the court of appeals' order, the district court ordered a hearing which was held on July 19, 1984. The United States filed a Motion for Protective Order, requesting that the defendants not be released from custody, and presented evidence and testimony in support of the motion. The district court denied the govern-

ment's motion. The order of the district court in its entirety stated:

THIS CAUSE having been referred back to this Court for proceedings consistent with Eleventh Circuit Court Case No. 83–5834 (Docket Item # 298), and this Court having considered the complete record through hearing and pleadings (Docket Items # 301, # 303, # 309–# 310) it is hereby

ORDERED AND ADJUDGED:

1. That the Government's Motion for Protective Order is DENIED; and,

2. That pre-trial conditions of release announced in this Court's order dated December 22, 1983 (Docket Item # 23), are GRANTED as stated therein.

This appeal followed.[5] The United States maintains both that the district court's denial of the government's motion for a protective order is immediately appealable pursuant to 28 U.S.C. § 1291 and that the district court abused its discretion when it ordered the release of the appellees from custody despite the danger to the government's witnesses and their families.

The government's contentions lack merit and this appeal is dismissed because we lack jurisdiction. As we said in our previous opinion in this case: "Accordingly, the United States cannot appeal in a criminal case without express Congressional authorization ... A government appeal from a bail determination is nowhere so authorized." 737 F.2d at 915 (citation and footnote omitted). At page 916 we discussed particularly 18 U.S.C. § 3731 (the statute author-

2. Bail was set for Fernandez-Toledo in the amount of $1,000,000 personal surety and $750,-000 corporate surety. Bail was set for Franjul in the amount of $1,000,000 personal surety and $500,000 corporate surety. Rodriguez-Sensat's bail was reduced to $200,000 personal surety and $75,000 corporate surety and Lahera-Gonzalez's was reduced to $200,000 corporate surety. Other restrictions were also placed on the four men including an order to have no contact with government witnesses and a nighttime curfew.

3. This fear was based upon a conversation monitored by the FBI at which the appellees were present. That conversation centered upon a particular person, Moises Perez, whom the appellees believed was a government informant.

Fernandez-Toledo stated, "We have to eliminate him quickly." Other conversations intercepted by the FBI supported a belief that Fernandez-Toledo would in fact carry out this threat. These conversations concerned other persons that the appellees maintained they had killed. *See United States v. Fernandez-Toledo, et al.*, 737 F.2d 912, 914 (11th Cir.1984).

4. The court specifically stated, "We cannot compel the district judge in any particular way, nor do we seek to do so." 737 F.2d at 920.

5. At a status conference held on August 14, 1984, trial was scheduled to begin on November 26, 1984.

izing the government to file an appeal from certain specified district court orders) and that bail orders entered by district courts were not included in the narrow group of government authorized appeals.

We are cognizant of the fact that the Bail Act has been amended by the Comprehensive Crime Control Act of 1984, Pub.Law # 98–473, signed by the President and thus becoming effective on October 12, 1984. In addition to changing the conditions or combination of conditions that authorize release or detention of pretrial detainees, 18 U.S.C. § 3731 has been amended to permit the government as well as a detainee to appeal from a district court order either granting or denying bail.

■ We do not give retroactive effect to this change in the law. We are, however, mindful of the general rule that a new statute should apply to cases pending on the date of its enactment unless manifest injustice would result. *Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); *Central Freight Lines, Inc. v. United States,* 669 F.2d 1063, 1069 (5th Cir. Unit A 1982). Additionally, cases in this circuit have held that new statutes that affect antecedent rights will not apply retroactively while those that affect only procedure or remedy will apply retroactively. *See e.g., United States v. Vanella,* 619 F.2d 384, 385–86 (5th Cir.1980).[6] In this case the changes in the substantive and procedural aspects of the Bail Act are contemporaneous. It would be manifestly unjust to apply the new substantive law to the appellees because they were entitled to be released and their release was ordered by the district court before the new law became effective and before this case was heard by the panel. Their rights to bail had already vested, *i.e.,* it was an antecedent right existing before the change in the law. We

decline to give the Act partial retroactivity and therefore we order that the appeal be

DISMISSED.

---

6. This formulation of the manifest injustice test is merely a "simplification" of the three-part test used by the Supreme Court in *Bradley, supra. See Watkins Motor Lines, Inc. v. Interstate Commerce Commission,* 641 F.2d 1183, 1186–87, n. 3 (5th Cir. Unit B 1981). Those three factors are: the nature and identity of the parties; the nature of their rights; and the nature of the impact of the change in law upon those rights. *Bradley,* 416 U.S. at 696, 94 S.Ct. at 2006. We reach the same conclusion using the above three factors.