**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Louis BALLONE, Robert Weitzsacker, Andrew Jezowski and Gaillard B. Radcliffe, Defendants-Appellants.**

No. 85–3171.

United States Court of Appeals, Eleventh Circuit.

May 24, 1985.

Mark A. Pizzo, Federal Public Defender, Tampa, Fla., for L. Ballone.

Charles G. Brackins, Gainesville, Fla., for R. Weitzsacker.

William G. Sestak, Zephyrhills, Fla., for G. Radcliffe.

David H. Runyan, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before RONEY, FAY and JOHNSON, Circuit Judges.

PER CURIAM:

Robert Weitzsacker and Andrew Jezowski appeal pursuant to Fed.R.App.P. 9(b) the district court's denial of release pending their appeal from convictions for possession of marijuana with intent to distribute and conspiracy. They argue that the district court's application of the Bail Reform Act of 1984, 18 U.S.C.A. § 3143(b), in denying their motions for release violated the ex post facto clause of the United States Constitution. Holding that the Bail Reform Act of 1984 is properly applied to criminal defendants seeking release pending appeal of their convictions after the effective date of the Act for crimes committed before that date, and that such application does not violate the ex post facto clause of the Constitution, we deny relief.

Indicted on September 26, 1984, Weitzsacker was taken into custody and granted pretrial release prior to the October 12, 1984 effective date of the Bail Reform Act of 1984. Jezowski, charged in the same indictment, surrendered to authorities on October 18, 1984, and was likewise granted pretrial release. In January 1985, after a seven-day multiple defendant trial, a jury found Weitzsacker guilty of violating 21 U.S.C.A. §§ 841(a)(1) and 846, and Jezowski guilty of violating 18 U.S.C.A. § 2 and 21 U.S.C.A. §§ 841(a)(1), 846, 952, and 963. The court allowed them to remain at liberty pending sentencing on March 8, 1985, and following that until late March, when they surrendered as instructed to the designated federal correctional institutions.

In the meantime, they had filed timely notices of appeal of their convictions. On March 15, 1985, they applied to the district court for release pending appeal. On March 26, 1985, the district court, following this Court's recent decision in *United States v. Giancola*, 754 F.2d 898 (11th Cir. 1985), as to the application of the Bail Reform Act of 1984, determined that defendants had failed under section 3143(b)(2) to raise substantial questions of law or fact that, if determined favorably to them, were likely to result in reversal or an order for a new trial, and denied their motion.

Defendants argue that the ex post facto clause is violated by application of section 3143(b) to them because the crimes for which they were prosecuted were committed prior to the October 12, 1984 passage of the Bail Reform Act. This precise contention has been rejected by the Third and

Seventh Circuits, *United States v. Miller,* 753 F.2d 19, 21 (3d Cir.1985); *United States v. Molt,* 758 F.2d 1198, 1200–1201 (7th Cir.1985), and in a single-judge order in the Fifth Circuit, *United States v. Crabtree,* 754 F.2d 1200 (5th Cir.1985). The decision on which defendants placed primary reliance, *United States v. Cirrincione,* 600 F.Supp. 1436 (N.D.Ill.1985), was expressly overruled by *United States v. Molt,* 758 F.2d at 1200.

■ There is no reason why this Court should not follow the decisions in these other circuits. The change in standards governing availability of bail pending appeal is procedural, and not an increase in punishment prohibited by the ex post facto clause. *Molt,* 758 F.2d at 1201; *Miller,* 753 F.2d at 21. Section 3143(b) is thus applicable to defendants such as Weitzsacker and Jezowski, whose trials, convictions, sentencings and appeals all occurred after the October 12, 1984 enactment of the Bail Reform Act, even though the crimes charged were committed before that date.

■ Defendants argue that such a ruling contravenes this Circuit's decision in *United States v. Fernandez-Toledo,* 749 F.2d 703 (11th Cir.1985). In the course of dismissing the Government's appeal from the granting of bail to pretrial detainees, the *Fernandez-Toledo* Court noted:

> It would be manifestly unjust to apply the new substantive law to the appellees because they were entitled to be released and their release was ordered by the district court before the new law became effective and before this case was heard by the panel. Their rights to bail had already vested, *i.e.,* it was an antecedent right existing before the change in the law.

749 F.2d at 705. The defendants in that case, however, had been released on bail by the district court under the existing law before the Bail Reform Act of 1984 became effective. Weitzsacker's and Jezowski's "right" to bail pending appeal did not accrue until after their convictions. The current law at that time would be applicable to that "right." Their applications for release pending appeal came more than five months after 18 U.S.C.A. § 3143(b) was enacted.

The decision of the district court to apply the Bail Reform Act of 1984 is AFFIRMED, and Weitzsacker's and Jezowski's applications for release are DENIED.