**In re Habeas Corpus of Joseph D. BREWER.**

**No. H–85–66.**

Court of Criminal Appeals of Oklahoma.

May 31, 1985.

Jack L. Freeman, for petitioner.

On January 29, 1985, the petitioner, by and through his attorney of record, Jack L. Freeman, Esq., filed his petition for a writ of habeas corpus in this Court, claiming that the Honorable John M. Amick, a Judge of the District Court of Oklahoma County, had improperly denied him an appeal bond.

We ordered a response from the District Attorney of Oklahoma County, and said response was received by the Court on February 15, 1985.

In his petition and supporting brief, appellant raises two apparent questions of first impression. *First,* can a defendant waive his right to have punishment assessed by a jury when he is charged under 21 O.S.1981, § 51 as a prior felon, and, *second,* can a district judge deny bail on appeal, pursuant to 22 O.S.1981, § 1077(10), without a finding by a jury that the accused was, in fact, previously convicted of a felony? We answer each question in the affirmative.

The undisputed facts reveal that petitioner was charged in the District Court of Oklahoma County, Case No. CRF–83–5601, with 24 separate counts of Embezzlement by a Corporate Officer, After Former Conviction of a Felony. On November 13, 1984, the case came on for trial before Judge Amick. In his case-in-chief, petitioner testified he had previously been convicted of a felony in Tulsa County. On cross-examination, he identified a judgment and sentence relating to this previous felony, admitted he had been represented by counsel, and that the conviction was final. Judge Amick announced at the conclusion of the evidence that he would present the matter of guilt and punishment to the jury in two stages. The petitioner was convicted of all 24 counts on December 14, 1984. Petitioner then waived the second stage of trial and announced he would prefer sentence be imposed by the court. The jury was excused, and on January 24, 1985, Judge Amick imposed judgment and sentence on all 24 counts for Embezzlement by a Corporate Officer, After Former Conviction of a Felony, and set punishment at five years imprisonment on each count, to be served concurrently. Petitioner moved for an appeal bond, but it was denied pursuant to 22 O.S.1981, § 1077(10).

■ We first note our research has failed to disclose any statute making jury sentencing of an alleged habitual offender mandatory. Certainly, there is not a dis-

cernible right in 22 O.S.1981, § 860 for a defendant to have a non-waivable right of jury sentencing. Inasmuch as he had waived his right to jury sentencing under 22 O.S.1981, §§ 926, 927, and had previously admitted the validity of the prior conviction, the trial court had sufficient basis to find the defendant was a previously convicted felon.

■ Moreover, even if jury sentencing of a habitual criminal defendant was mandatory under law, such would not affect the trial court's duty to deny bail on appeal under 22 O.S.1981, § 1077(10). This section provides, in pertinent part:

Bail on appeal shall be allowed on appeal from a judgment of conviction of a misdemeanor, or in felony cases where the punishment is a fine only, and when made and approved shall stay the execution of such judgment. *Bail on appeal after the effective date of this act shall not be allowed after conviction of the following offenses:*

.  .  .  .  .

(10) *Any other felony after former conviction of a felony.* (Emphasis added).

This statute does not require sentencing of the convicted person in the status of a habitual offender in order for the trial court to properly deny bail. Nor does the statute make essential the filing of a second page to the information. In order to satisfy section 1077(10), the State must prove only that a prior conviction was incurred by the convicted person. *See e.g. Williams v. State,* 628 P.2d 369 (Okl.Cr. 1981) (statute denying suspension of sentence to third and subsequent offenders applies whether or not the State attaches to the information an allegation of two or more prior convictions).

Petitioner was charged as a habitual offender, and the judge was presented with sufficient information, both through the documents presented in the first stage and the petitioner's own admission on direct and cross-examination, to conclude that petitioner had been previously convicted of a felony. Judge Amick was therefore correct in denying bail pursuant to section 1077.

IT IS THEREFORE THE ORDER OF THIS COURT that the petition for writ of habeas corpus be, and the same hereby is, DENIED.

IT IS SO ORDERED.

PARKS, P.J., and BRETT, J., concur.

BUSSEY, J., concurs in result.