**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William McCAHILL and Ronald Congelliere, Defendants-Appellants.**

Nos. 84–5331, 84–5334.

United States Court of Appeals, Ninth Circuit.

Submitted April 29, 1985.

Decided July 9, 1985.

Mark Bonner, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Ronald Kreber, Newport Beach, Cal., for defendants-appellants.

Before KENNEDY, ALARCON and FERGUSON, Circuit Judges.

KENNEDY, Circuit Judge:

The question presented to us is whether the denial of bail in reliance upon a statute that becomes effective after the commission of the crime and, in this case, after the entry and acceptance of a guilty plea, violates the ex post facto clause of the Constitution. *See* U.S. Const. art. I, § 9, cl. 3. The trial court denied bail on appeal, apparently in reliance upon standards contained

in the newly enacted Bail Reform Act of 1984 (the Act), 98 Stat. 1976–85, to be codified at 18 U.S.C. §§ 3141–3150 (1984). We find no constitutional violation or other error in the trial court's ruling, and affirm.

The Act became effective on Oct. 12, 1984. Before this date, William McCahill and Ronald Congelliere entered conditional guilty pleas to various offenses involving the possession and distribution of cocaine, reserving the right to appeal a ruling to admit certain wiretap evidence. The plea was accepted. After the Act took effect, appellants were sentenced to fifteen years imprisonment; and the district court, relying upon the new standards contained in the Act, refused to grant bail pending appeal.

Before the Act took effect, a trial court could deny bail pending appeal, absent either risk of flight or danger to the public safety, only "if it appears that an appeal is frivolous or taken for delay." 18 U.S.C. § 3148 (repealed 1984). The Act tightens the standard, and bail pending appeal is authorized now only if the court concludes "that the appeal is not for purposes of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial." Bail Reform Act of 1984, § 203, 98 Stat. 1981–82, to be codified at 18 U.S.C. § 3143(b)(2). The new standard makes it more difficult for a defendant to obtain bail pending appeal. *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir.1985); *United States v. Molt*, 758 F.2d 1198, 1199 (7th Cir.1985).

■ We conclude the change in the standard for bail pending appeal does not violate the ex post facto prohibition of the Constitution. Even if a retroactive change in the law is a disadvantage to the criminal defendant, it does not violate the ex post facto clause if the change is procedural rather than substantive. *Dobbert v. Florida*, 432 U.S. 282, 293, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977). Though the distinction between substance and procedure in the context of the ex post facto clause may not be easy to discern in every case, it is an analytic form essential to the resolution of

ex post facto cases. *Dobbert*, 432 U.S. at 292, 97 S.Ct. at 2297. The dichotomy, we think, is an attempt to reconcile the necessity for continuous legislative refinement of the criminal adjudication and corrections process with the constitutional requirement that substantial rights of a criminal defendant remain static from the time of the alleged criminal act. *See Beazell v. Ohio*, 269 U.S. 167, 170–71, 46 S.Ct. 68, 69, 70 L.Ed. 216 (1925).

■ Applying the distinction between substance and procedure to the case before us, we find the change is procedural. As the time served in custody pending appeal will be credited to the ultimate sentence imposed, *see* 18 U.S.C. § 3568 (1982), the change merely advances the date of custody. The law does not alter or affect the length, severity, weight, or other significant condition of the punishment. The law is procedural because it does not alter the quantum of punishment. *See Dobbert*, 432 U.S. at 293–94, 97 S.Ct. at 2298.

The possibility that the appeal might result in reversal of the conviction so that time served pending the appeal will be an unwarranted punishment does not in itself require us to hold the change is substantive, for under that analysis any revision or alteration in the law that increases the statistical chance of conviction would contravene the ex post facto clause, a theory contrary to the precedents. *E.g., Thompson v. Missouri*, 171 U.S. 380, 18 S.Ct. 922, 43 L.Ed. 204 (1898) (change in evidentiary rules making certain incriminating evidence admissible at defendant's retrial does not violate ex post facto clause); *Hopt v. Utah*, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884) (change in law permitting a convicted felon to testify as a witness does not violate ex post facto clause); *Clements v. United States*, 266 F.2d 397, 399 (9th Cir.) (extension of statute of limitations does not violate the ex post facto clause), *cert. denied*, 359 U.S. 985, 79 S.Ct. 943, 3 L.Ed.2d 934 (1959). Our holding is consistent with the conclusions of the other circuits which have addressed the issue of retroactive changes in the rules for bail on appeal, the

Third Circuit in *United States v. Miller,* 753 F.2d 19, 21 (3d Cir.1985), and the Seventh Circuit in *United States v. Molt,* 758 F.2d 1198, 1200 (7th Cir.1985).

For the foregoing reasons, the trial court was correct in applying the new standards of the Act to the bail determination motion. We find no substantive error in its application of these standards. By our holding today, we do not reach any constitutional issue other than the application of the ex post facto clause to section 203 of the Bail Reform Act of 1984. The judgment of the district court is AFFIRMED.