**UNITED STATES of America, Plaintiff,**

v.

**Larry NELSON, Defendant.**

**No. 86–0323–CIV–EPS.**

United States District Court,
S.D. Florida,
Miami Division.

May 21, 1986.

Marcella Cohen, Sp. Atty., Strike Force, Miami, Fla., for plaintiff.

Arthur Wells, San Francisco, Cal., for defendant.

MEMORANDUM OPINION & ORDER REINSTATING APPEAL OF THE DEFENDANT AND DENYING DEFENDANT'S REQUEST FOR RELEASE PENDING APPEAL

SPELLMAN, District Judge.

I

REINSTATEMENT OF APPEAL

This CAUSE comes before the Court on the Defendant's Motion under 28 U.S.C. § 2255 to Vacate or Set Aside the Sentence.

In the matter *sub judice*, an appellate brief was due in the court of appeal on June 6, 1985. The brief was not filed. On July 19, 1985, Larry Nelson's appeal was dismissed for want of prosecution. The Defendant herein then filed a Motion pursuant to 28 U.S.C. § 2255 in which he argued that his counsel's failure to file the brief constituted a denial of effective assistance of counsel and a denial of due process.

On March 25, 1986, this Court conducted a Hearing in an effort to ascertain exactly what had transpired with respect to the preparation of the appeal and to discover the reasons behind the failure to file the brief. This Court heard the testimony of the Defendant, the attorney, Robert Smith, who filed the Notice of Appeal and became the attorney of record, and Stuart Goldfarb, who represented Roland Boudreault in *U.S. v. Roland Boudreault & Larry Nelson*, Case No: 80–56–CR–EPS and was hired to work with Robert Smith in preparing the appeal. At the close of said Hearing, this Court directed the parties to file memoranda on the pertinent issues before this Court.

After the Hearing and review of the memoranda, this Court finds that Mr. Larry Nelson failed to receive notice that his appeal had been abandoned. This Court also finds that counsel's failure to file the brief on appeal and the resultant dismissal of the appeal are attributable to a series of misunderstandings and to a rift in communications. This Court can not, however, at this juncture, attribute the failings herein to any one individual or instance. The Court does perceive one certainty in the midst of an otherwise incoherent sequence of events: Mr. Larry Nelson has been deprived of his right to appeal and such denial has occurred through no fault of his own. Thus, this Court has determined that he be Granted the relief requested and that his Appeal be Reinstated.

II

BAIL REFORM ACT

The next issue which remains for this Court's determination is whether the Defendant should be released on bail. The resolution of such a questions involves a two-part inquiry: first, the Court must decide whether the new provisions of the Bail Reform Act of 1984 are applicable to this Defendant's release or detention. And, if this Court answers said question in the affirmative, it must then decide if the Defendant has met the criteria for release on bail.

This Court is of the opinion that the provisions of the Bail Reform Act should be applied to determine whether the Defendant should be released on bail pending appeal. Further, this Court notes that the Eleventh Circuit Court of Appeal has found

the Bail Reform Act of 1984 to be applicable to defendants whose trials, convictions, sentencings, and appeals occurred after the enactment of the Act, even though the crimes charged were committed before that date, and such an application was not prohibited by the ex post facto clause of the Constitution. *United States v. Ballone,* 762 F.2d 1381 (11th Cir.1985). The court reasoned, "the change in standards governing availability of bail pending appeal is procedural, and not an increase in punishment prohibited by the ex post facto clause." *Id.* at 1383. This Court finds such reasoning to be sound and certainly not incompatible with this Court's conclusion that the standard by which requests for release from detention pending direct appeal are to be evaluated as fixed by the Bail Reform Act governs the instant situation.

With respect to the second question, this Court finds that the Defendant, Larry Nelson, has not been able to meet the burden set forth in 18 U.S.C. § 3143(b). The pertinent portion of the Act states:

(b) *RELEASE OR DETENTION PENDING APPEAL BY THE DEFENDANT.*—The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to section 3142(b) or (c); and

(2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

If the judicial officer makes such findings, he shall order the release of the person in accordance with the provisions of section 3142(b) or (c).

This Court finds that the Defendant herein does meet the first two prerequisites to release on bail pending appeal. The Defendant, Larry Nelson, is not likely "to flee" or "pose a danger to the safety of any other person or the community." However, the Defendant does fail to meet the third prong, the requirement that the appeal raise "a substantial question of law or fact likely to result in reversal or an order for a new trial." In *United States v. Giancola,* 754 F.2d 898 (11th Cir.1985), the court adopted the interpretation of this provision supplied by the Third Circuit in *United States v. Miller,* 753 F.2d 19 (3rd. Cir. 1985). A question raised on appeal is a substantial one if it is "one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." Further, "a court may find that reversal or a new trial is 'likely' only if it concludes that the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Giancola* at 900; *Miller* at 23.

This Court has reviewed the Petitioner's contentions with respect to what he believes are "substantial issues" on appeal and finds that the Act's third requirement is simply not satisfied. In sum, since this appeal does not raise "a substantial question of law or fact likely to result in reversal or an order for a new trial," the Defendant must remain incarcerated.

### III

### CONCLUSION

In sum, it is hereby,

ORDERED AND ADJUDGED that the Appeal of Larry Nelson is REINSTATED. The proper standards to be applied to determine this Defendant's suitability for release are those contained in the Bail Reform Act. Since this Defendant has not met the third criteria, that the appeal raise "a substantial question of law or fact likely to result in reversal or an order for a new trial," he shall remain incarcerated.