**Georgette M. DELMAY,
Plaintiff–Appellee,**

v.

**PAINE WEBBER, et al.,
Defendants–Appellants.**

No. 87–8703.

United States Court of Appeals,
Eleventh Circuit.

March 8, 1989.

Gary W. Hatch, Barry P. Harris, Hansell & Post, Atlanta, Ga., for Paine–Webber.

Robert A. Elsner, Scheer & Elsner, Atlanta, Ga., for plaintiff-appellee.

Before KRAVITCH and CLARK, Circuit Judges, and NICHOLS *, Senior Circuit Judge.

PER CURIAM:

This case is before the court on appellant PaineWebber's petition for reconsideration of our order of December 28, 1988, in which we dismissed its appeal for lack of jurisdiction. On the basis of newly enacted legislation, we vacate our prior order and reinstate the appeal.

## DISCUSSION

On November 19, 1988, the President signed into law the Judicial Improvements and Access to Justice Act (the Act). Section 1019 of the Act amended Title 9 of the United States Code by adding a new section, which provides, in part:

§ 15. Appeals

(a) An appeal may be taken from—
(1) an order—
(A) refusing a stay of any action under section 3 of this title,

.   .   .   .   .

Pub.L. 100–702, § 1019, 102 Stat. 4642, 4670–71 (1988). As the order appealed from here refused PaineWebber's request to stay judicial proceedings under section 3 of Title 9,[1] the parties agree that, as added, 9 U.S.C. § 15(a)(1)(A) confers appellate jurisdiction on appeals such as this. The parties also agree that section 15 took effect upon enactment on November 19, 1988. The only dispute is whether section 15 applies retrospectively to an appeal, such as PaineWebber's, which was pending on the enactment date.

Congress did not specify whether the new section 15 applies to pending cases, but we are not without guidance. In *Bradley v. School Board of Richmond*, 416 U.S 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), the Supreme Court determined that a statute providing for the award of attorney's fees to successful plaintiffs in school-de-

segregation actions should be applied retrospectively to authorize attorney's fees in an action which was pending on appeal when the statute was enacted and became effective. The Court held that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." 416 U.S at 711, 94 S.Ct. at 2016; *see also United States v. Marengo County Comm.*, 731 F.2d 1546, 1553 (11th Cir.1984). In determining whether manifest injustice would result from retrospective application of the new attorney's-fees provision, the Court considered three factors: "(a) the nature and identity of the parties, (b) the nature of their rights, and (c) the nature of the impact in the change of law upon those rights." 416 U.S at 717, 94 S.Ct. at 2019.

Delmay argues that this is a mere contract dispute between private parties in which retrospective application of section 15 would "force [her] into an arbitration process" and "allow appellants yet another chance to deprive [her] of her 'day in court.'" Accordingly, she concludes that we should deny retrospective application to section 15. We disagree. First, although this case involves a dispute between private parties, the jurisdictional issue implicates broad national concerns in the proper functioning of the judicial process and in the pursuit of alternative dispute resolution techniques. Second, section 15 grants appellants no right to "force Delmay into an arbitration process." If such a right exists, it is because appellee signed an arbitration agreement which so provided. In fact, section 15 affects no substantive rights whatsoever; only procedural rights are involved. Third, retrospective application of section 15 will neither deny Delmay's "day in court" nor grant an other-

---

* Honorable Philip Nichols, Jr., Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. Section 3 of the United States Arbitration Act provides:
If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in

which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.
9 U.S.C.A. § 3 (West 1970).

wise forbidden appeal. Retrospective application will merely alter the timing of an already authorized appeal.

We note also that, where the retrospective application of jurisdictional statutes has been at issue, courts have been especially careful to give retrospective application to curative measures. Thus, in *Ralpho v. Bell*, 569 F.2d 607 (D.C.Cir.1977), the D.C. Circuit considered the retrospectivity of a statute eliminating the amount-in-controversy requirement for federal jurisdiction of "action[s] against the United States, any agency thereof, or any officer or employee thereof in his official capacity." *See* 569 F.2d at 615 n. 51 (quoting Pub.L. 94–574, 90 Stat. 2721). The *Ralpho* court found dispositive Congress' apparent intention to remedy "the injustice wrought by closing the federal courts to those with pecuniarily insignificant but important grievances against the government," *id.*, and held that, in the absence of specific congressional instructions, a newly enacted amendment to a jurisdictional statute should be applied to cases pending on the enactment date. *See also Andrus v. Charlestone Stone Prods. Co.*, 436 U.S. 604, 608 n. 6, 98 S.Ct. 2002, 2005 n. 6, 56 L.Ed.2d 570 (1978) (following *Ralpho* without extended discussion).

This case is similar. Here, the legislative history suggests that Congress was keenly aware that, in the wake of *Gulfstream Corp. v. Mayacamas Corp.*, 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988), the Courts of Appeals were treating interlocutory orders granting arbitration and those denying arbitration exactly the same for appealability purposes. In a statement prepared in lieu of a Senate report, Senator Heflin remarked that under prior doctrine, "[t]he appealability of orders that direct arbitration, stay arbitration, or stay judicial proceedings depend[ed] on accidents of procedure that d[id] not respond to any rational needs of either appeals timing or arbitration." 134 Cong. Rec. S16284, S16309 (daily ed. Oct. 14, 1988). The House Report

stated that the new section 15 would "improve the appellate process in the Federal courts of appeals with respect to arbitration" by providing for interlocutory appeal "when a trial court rejects a contention that a dispute is arbitrable under an agreement of the parties ... [while] ... specifically prohibit[ting interlocutory appeal] ... when the trial court finds that the parties have agreed to arbitrate...." *See* H.Rep. No. 889, 100th Cong., 2d Sess. 37, *reprinted in*, 1988 U.S.Code Cong. & Admin.News 5982, 5997.[2] Thus, as in *Ralpho*, Congress' intention appears to have been curative, and retrospective application should be presumed.

Accordingly, appellants' petition for rehearing is GRANTED, the court's order of December 28, 1988 dismissing the appeal is VACATED, and the appeal is hereby REINSTATED.

---

**2.** The provision here at issue was first passed as section 207 of the House version of H.R. 4807. *See* H.R. 4807, 100th Cong., 2d Sess. § 207, 134 Cong.Rec. H7443, H7447 (daily ed. Sept. 13,

1988). Thus, the relevant comments can be found in the House Report's analysis of section 207 of H.R. 4807.