FEDERAL DEPOSIT INSURANCE COR-PORATION, as Receiver of Cypress Savings Association, Plaintiff–Appellee,

v.

232, INC., a Florida corporation; John M. McCabe; Thomas W. Underwood jointly and severally with Thomas S. Patton, Defendants–Appellants,

Harbor Federal Savings & Loan Association, Defendant,

Willis, Gwin & Associates, Inc., n/k/a Shoults, Gwin & Associates, Inc., a Florida corporation, Defendant–Intervenor.

No. 90–3357
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 7, 1991.

Gary J. Anton, Stowell, Anton & Kraemer, Tallahassee, Fla., for defendants-appellants.

Suzan Jon Jacobs, John S. Freud, Richard A. Boucher, Robert S. Geiger, Levine, Geiger, Kuperstein & Freud, P.A., Miami, Fla., Jaclyn C. Tanner, FDIC–Legal Div., Washington, D.C., for plaintiff-appellee.

Marjorie Briley Breaux, Robert L. Henry, Jr., Henry, Monroig & Ketchel, Fort Walton Beach, Fla., for defendant-intervenor Shoults, Gwin & Associates.

William F. Stone, Fort Walton Beach, Fla., for defendant Harbor Federal Sav. & Loan.

Before KRAVITCH and EDMONDSON, Circuit Judges, and HILL, Senior Circuit Judge.

PER CURIAM:

This appeal challenges the jurisdiction of the district court over an action against appellants by the Federal Savings and Loan Insurance Corporation ("FSLIC"),[1] as receiver of a federally insured savings association. The savings association had sued to foreclose a mortgage, recover on certain notes and guarantees, and appoint a receiver. Appellants, 232, Inc. (as borrower), John N. McCabe, Thomas S. Underwood, and Thomas S. Patton (as guarantors), claim that the district court erred by not remanding the case to state court where the savings association had brought the action. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

In May, 1988, Cypress Savings Association filed an action in the Circuit Court of the First Judicial Circuit, in and for Walton County, Florida, to foreclose property located in Walton County, recover on certain notes and guarantees, and have a receiver appointed for 232, Inc. In November of that year, pursuant to 12 U.S.C.A. § 1729(c)(1)(B) (West 1989) (repealed 1989), the Federal Home Loan Bank Board appointed FSLIC as sole receiver of Cypress. In December, pursuant to 12 U.S.C.A. § 1730(k)(1)(B) (West 1989) (repealed 1989)[2] and 28 U.S.C.A. § 1441 (West Supp.

1. Section 401(a) of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub.L. 101–73, 103 Stat. 183 (1989) ("FIRREA"), abolished the FSLIC. The FDIC has been substituted as the successor plaintiff as a matter of law. *See* FIRREA § 401(f)(2). For convenience, references to appellee in this opinion will be to FSLIC.

2. Section 1730 provided in pertinent part:
   (k)(1) Notwithstanding any other provision of law, (A) the Corporation shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28; (B) any

civil action, suit, or proceeding to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect: *Provided,* That any ac-

1990), FSLIC removed the case to the United States District Court for the Northern District of Florida, Pensacola Division. On August 9, 1989, the president signed into law the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub.L. 101–73, 103 Stat. 183 (1989) ("FIRREA"). Section 407 of FIRREA repeals section 1730(k)(1), and section 209 of FIRREA amends 12 U.S.C.A. § 1819 (West 1989). Section 1819(b)(2) governs jurisdiction and removal for cases in which the FSLIC (and now the FDIC) is a party. This section provides in pertinent part:

(2) Federal court jurisdiction

(A) In general

Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.

(B) Removal

Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States District Court.

.     .     .     .     .

(D) State Actions

Except as provided in subparagraph (E), any action—

(i) to which the Corporation, in the Corporation's capacity as receiver of a state insured depository institution *by the exclusive appointment by State authorities*, is a party other than as a plaintiff;

(ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and

(iii) in which only the interpretation of the law of such State is necessary,

shall not be deemed to arise under the laws of the United States.

12 U.S.C.A. § 1819(b)(2) (emphasis added).

In October, 1989, subsequent to FIRREA's enactment, appellants moved for remand. At this point, the district court had not taken any action on the merits of the claims and counterclaims. Despite the enactment of FIRREA, appellants' motion asserted a lack of jurisdiction under 12 U.S.C.A. § 1730(k)(1). Appellee did not raise FIRREA at this time, and the district court, in denying remand, relied upon the provisions of section 1730(k)(1). The court did not address the provisions of FIRREA. Appellants subsequently moved for reconsideration, again relying solely on section 1730(k)(1), and the appellee again did not cite or rely upon FIRREA. Likewise, the district court did not cite or rely upon the provisions of FIRREA when it denied the motion for reconsideration. The first time that FIRREA became an issue in this case was before this court.[3]

## II. DISCUSSION

### A. *Applying FIRREA is Appropriate*

■ Appellants argue that we may not consider the applicability of FIRREA to this case because appellee did not raise FIRREA in the district court. We disagree. It is true that an appellate court generally will refuse to consider an issue not presented to the trial court and raised for the first time on appeal. *Caban–Wheeler v. Elsea*, 904 F.2d 1549, 1557 (11th Cir.1990). Whether to consider an argument first made on appeal, however, is left primarily to the discretion of the appellate courts, to be exercised on the facts of the individual cases. *Id.* "In the exercise of that discretion, appellate courts may pass on issues not raised below if the ends of

---

tion, suit, or proceeding to which the Corporation is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed

to arise under the laws of the United States. . . .

12 U.S.C.A. § 1730(k)(1).

**3.** Appellee raised the issue of FIRREA in its brief in support of its motion to amend pleadings.

justice will best be served by doing so." *Id.* Here, neither party has raised new factual questions, a situation that might cause us to refuse to hear a new issue. *See In re Daikin Miami Overseas, Inc.,* 868 F.2d 1201, 1207 (11th Cir.1989). Instead, we must simply decide whether FIRREA should apply to this case, and if so, whether on the facts of this record the district court properly denied remand. As we will discuss below, the record supports appellee's legal argument. Under such circumstances, a refusal to consider that argument could result in a miscarriage of justice. *See Roofing & Sheet Metal Servs., Inc. v. LaQuinta Motor Inns, Inc.,* 689 F.2d 982, 990 (11th Cir.1982). Furthermore, considering appellee's FIRREA argument is consistent with the concept that although an appellate court may disagree with the rationale given by a district court for its decision, affirming on other grounds is proper. *See Paisey v. Vitale,* 807 F.2d 889, 890 (11th Cir.1986).

■ We must now address whether it is appropriate to apply FIRREA to this case despite its enactment while the action was pending. The text and legislative history of FIRREA are silent on this matter. The Supreme Court, however, has set forth the rule that a court is to apply the law in effect at the time it renders its decision unless manifest injustice would result. *Bradley v. Richmond School Bd.,* 416 U.S. 696, 716, 94 S.Ct. 2006, 2018–19, 40 L.Ed.2d 476 (1974).[4] Whether manifest injustice would result depends on three factors: "(a) the nature and identity of the parties, (b)

the nature of their rights, and (c) the nature of the impact of the change in law upon those rights." *Id.* at 717, 94 S.Ct. at 2019.

This is not a case between private individuals. This case involves an agency of the federal government and an issue of national concern. According to a House Report on the subject of FIRREA,

> The interests of the American taxpayer demand an expedited resolution to the monumental problems involved with the unprecedented costs of dealing with hundreds of insolvent thrifts and the orderly disposition of the assets of these failed institutions.

H.R.Rep. No. 54, 101st Cong., 1st Sess., pt. 1, at 308 (1989), U.S.Code Cong. & Admin. News 1989, pp. 86, 104. Furthermore, as the First Circuit aptly observed in a similar case, the "public interest ... strongly favors enforcement of FIRREA in this case, especially upon consideration of the wastefulness that would result if we allow the case to be remanded to state court only to have the [FSLIC] petition for removal again under FIRREA." *Demars v. First Serv. Bank for Sav.,* 907 F.2d 1237, 1240 (1st Cir.1990). The first factor thus supports application of FIRREA.

We next address the nature of the parties' rights. Application of FIRREA does not infringe on any substantive right of appellants. Even if under the former law appellants should have a right to a different forum, such a right is merely procedural. *Hallowell v. Commons,* 239 U.S. 506, 36 S.Ct. 202, 60 L.Ed. 409 (1916).[5] The

---

**4.** This circuit has followed the *Bradley* rule in several cases. *See, e.g., Delmay v. Paine Webber,* 872 F.2d 356 (11th Cir.1989) (applying the *Bradley* rule to conclude that statutory amendment allowing appeal from order refusing stay of action in favor of arbitration was retrospectively applicable); *Tallahassee Mem. Regional Medical Center v. Bowen,* 815 F.2d 1435, 1454 n. 40 (11th Cir.1987) (recognizing that a court will ordinarily apply new legislation to pending cases unless manifest injustice would result), *cert. denied,* 485 U.S. 1020, 108 S.Ct. 1573, 99 L.Ed.2d 888 (1988); *United States v. Fernandez–Toledo,* 749 F.2d 703, 705 (11th Cir.1985) ("We are ... mindful of the general rule that a new statute should apply to cases pending on the date of its enactment unless manifest injustice would result"); *National Wildlife Fed'n v.*

*Marsh,* 747 F.2d 616, 619–20 (11th Cir.1984) ("A new statute should not be applied retrospectively to cases pending on the date of its enactment ... if manifest injustice would result").

**5.** In *Hallowell,* the Supreme Court held that new legislation giving the Secretary of the Interior, rather than the federal courts, jurisdiction to determine disputes between Indians over rights of succession should be applied to cases already pending in court. Regarding the change in tribunal, the court found that "the reference of the matter to the Secretary ... takes away no substantive right, but simply changes the tribunal that is to hear the case." *Hallowell,* 239 U.S. at 508, 36 S.Ct. at 203.

second factor thus weighs toward application of FIRREA. *See Delmay v. Paine Webber,* 872 F.2d 356, 357 (11th Cir.1989); *United States v. Fernandez–Toledo,* 749 F.2d 703, 705 & n. 6 (11th Cir.1985).

The third factor also weighs toward applying FIRREA to the instant case. Retrospective application of FIRREA will not deny appellants' "day in court." Further, appellants have not alleged any detrimental reliance on the repealed jurisdictional statute. Retrospective application will, at most,[6] alter the forum in which this case is heard.

For the foregoing reasons, we hold that FIRREA's jurisdictional provisions apply to this case.[7]

B. *Remand is not Proper under FIR-REA*

■ Remand to state court would be proper if this case met the test for exclusive state jurisdiction under 12 U.S.C.A. § 1819(b)(2)(D), as set forth above. This case, however, fails the test. Subparagraph (i) provides that appointment of the Corporation exclusively by state authorities is a *sine qua non* to exclusive state jurisdiction. Here, the Federal Home Loan Bank Board appointed the FSLIC. As the statute plainly indicates, the failure to meet the requirements in subparagraph (i) is sufficient to preclude use of section 1819(b)(2)(D)'s exception to federal court jurisdiction. *See also Carrollton–Farmers Branch Indep. School Dist. v. Johnson & Cravens,* 889 F.2d 571, 572 (5th Cir.1989) (exception did not apply because FSLIC was appointed by both the appropriate state authority and the Federal Home Loan Bank Board); *Triland Holdings & Co. v. Sunbelt Serv. Corp.,* 884 F.2d 205, 207 (5th Cir.1989) (exception did not apply because the Federal Home Loan Bank Board appointed FSLIC as receiver). We need not consider the additional state action requirements.

III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

**6.** It being so abundantly clear that FIRREA applies, we need not address the arguments in the briefs over whether the district court erred in its application of the former law.

**7.** We also note the general rule in this circuit that new statutes affecting only procedure apply retroactively. *See, e.g., United States v. Fernandez–Toledo,* 749 F.2d 703, 705 (11th Cir.1985); *United States v. Vanella,* 619 F.2d 384, 386 (5th Cir.1980); *Turner v. United States,* 410 F.2d 837, 842 (5th Cir.1969).