930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
David Carl QUALLS, Petitioner-Appellant,
v.
Steve KAISER, Warden, Lexington Assessment and Reception
Center, the Department of Corrections, State of
Oklahoma, Respondents-Appellees.
 No. 90-6106.
 United States Court of Appeals, Tenth Circuit.
 April 10, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 David Carl Qualls appeals the district court's denial of his habeas corpus petition. Qualls was convicted and sentenced in Oklahoma on two counts of distribution of a controlled dangerous substance. The state trial court set bail at $50,000. Qualls posted bond and was released on bail pending appeal of his conviction. Following the state's motion to reconsider, which was denied, and its application for writ of mandamus to the Oklahoma Court of Criminal Appeals, which was granted, the state trial court on remand revoked Qualls' bond, relying on the then-unpublished opinion in In re Brewer, 779 P.2d 137 (Okla.Crim.App.1985).
 
 
 3
 Filed pursuant to 28 U.S.C. Sec. 2254, Qualls' habeas corpus petition before the district court challenged the Oklahoma trial court's revocation of his bond as an ex post facto application of the Brewer decision. The district court denied his petition on the grounds that Brewer 's application affected only procedural rights and, therefore, did not implicate the constitutional prohibition against ex post facto application of the law. We affirm.
 
 
 4
 Qualls does not argue that there exists a federal right to bail on appeal. We agree with the district court that the only proper basis for his habeas corpus petition is his claim that the revocation of his bond resulted from an ex post facto application of the law. Generally, the prohibition against ex post facto application of the law applies to legislative enactments, not judicial interpretations. However, case law creating an " 'unforeseeable judicial enlargement of a criminal statute' " which is then retroactively applied, can operate like an ex post facto law. Coleman v. Saffle, 869 F.2d 1377, 1385 (10th Cir.1989) (quoting Bouie v. City of Columbia, 378 U.S. 347, 353 (1964)), cert. denied, 110 S.Ct. 1835 (1990); Blair v. Armontrout, 916 F.2d 1310, 1330-31 (8th Cir.1990) (ex post facto clause operates through the due process clause of the fourteenth amendment to "prevent state courts from making certain unforeseeable doctrinal changes").
 
 
 5
 Nonetheless, we also agree with the district court that application of the then-unpublished Brewer decision, even were it an "unforeseeable judicial enlargement" of Oklahoma law, as Qualls claims, did not affect Qualls' substantive rights such as to implicate the ex post facto clause. See Dobbert v. Florida, 432 U.S. 282, 293 (1977) (no ex post facto violation where substantive rights not altered); Coleman, 869 F.2d at 1385. A change in the process for granting or denying bail on appeal affects only procedural rights. United States v. Affleck, 765 F.2d 944, 949 (10th Cir.1985); United States v. McCahill, 765 F.2d 849, 850 (9th Cir.1985); United States v. Ballone, 762 F.2d 1381, 1383 (11th Cir.1985); United State v. Powell, 761 F.2d 1227, 1234 (8th Cir.1985); United States v. Molt, 758 F.2d 1198, 1201 (7th Cir.1985); United States v. Crabtree, 754 F.2d 1200, 1201-02 (5th Cir.) (single judge decision), cert. denied, 473 U.S. 905 (1985); United States v. Miller, 753 F.2d 19, 21 (3d Cir.1985).
 
 
 6
 Under the current test, a retroactive application of a change of law would not affect Qualls' substantive rights unless it changed the crime with which he was indicted, the proof required to convict him of the crime, or the punishment he received for the crime. Miller v. Florida, 482 U.S. 423, 433 (1987); Coleman, 869 F.2d at 1386 (citing Dobbert, 432 U.S. at 294). Although such a procedural change seriously disadvantages Qualls, that disadvantage is not enough to implicate his constitutional rights. See Coleman, 869 F.2d at 1387; Affleck, 765 F.2d at 951.
 
 
 7
 On appeal, Qualls improperly raises or argues several points. First, in his docketing statement, Qualls presents a claim for unlawful taking of property. That claim was raised for the first time on appeal and was not argued on appeal, therefore, we decline to address it. Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir.1990); Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir.1989).
 
 
 8
 Second, although Qualls contends he is not challenging the merits of his state conviction, he argues on appeal that the state court erred in overruling his motion for new trial. An error of state law is not a proper basis for habeas relief. Pulley v. Harris, 465 U.S. 37, 41 (1984).
 
 
 9
 Finally, Qualls contends that the state court's alleged error violated his rights under the sixth and fourteenth amendments. This argument is raised for the first time on appeal and will not be considered. See Gillihan, 872 F.2d at 938. Also, the district court found that he had not exhausted his state court remedies with respect to his conviction. Qualls does not challenge this ruling on appeal.
 
 
 10
 Qualls' petition for a certificate of probable cause is GRANTED. For substantially the same reasons as those contained in the district court's memorandum opinion dated March 2, 1990, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3