967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas C. BORCHERS, Petitioner-Appellant,
v.
Samuel A. LEWIS, et al., Respondents-Appellees.
 No. 91-16298.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 18, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas C. Borchers, an Arizona state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 habeas corpus petition. He contends that the Arizona Board of Pardons and Paroles (Board) violated the ex post facto clause and denied him due process by vacating a decision to grant him parole. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and affirm.
 
 
 3
 In July 1974 Borchers was convicted of rape and sentenced to a term of 20 years to life imprisonment. The Board granted parole on May 6, 1987. Before Borchers was released, however, the Board vacated the grant of parole because it had failed to notify the victim of the parole hearing, as required by Ariz.Rev.Stat.Ann. § 31-411(G).[1] At a second parole hearing on August 6, 1987, the Board denied parole.
 
 
 4
 Borchers contends that section 31-411(G) is an ex post facto law because it took effect after he was convicted. The ex post facto clause prohibits the retrospective application of a law if it disadvantages a criminal defendant. Miller v. Florida, 482 U.S. 423, 430 (1987). A procedural change does not disadvantage the defendant for purposes of the ex post facto clause because it does not make criminal a previously innocent act, increase the punishment for a crime, or change the proof necessary to convict. Dobbert v. Florida, 432 U.S. 282, 293-94 (1977) (law changing methods used to determine whether death penalty would be imposed did not violate ex post facto clause); Toomey v. Bunnell, 898 F.2d 741, 744 (9th Cir.) (change in scope of exclusionary rule), cert. denied, 111 S.Ct. 390 (1990); United States v. McCahill, 765 F.2d 849, 850 (9th Cir.1985) (change in standard for granting bail pending appeal).
 
 
 5
 The notice requirement of section 31-411(G) is a procedural matter because it does not increase prisoners' sentences or change the proof necessary to obtain parole. Accordingly, section 31-411(G) does not violate the ex post facto clause. See Dobbert, 432 U.S. at 293-94; Toomey, 898 F.2d at 744; McCahill, 765 F.2d at 850.
 
 
 6
 Borchers also contends that the Board denied him due process because it did not hold a hearing before vacating the grant of parole. Parolees who have been released from prison have a due process liberty interest in their continued release and therefore are entitled to certain procedures before their parole may be revoked. Morrissey v. Brewer, 408 U.S. 471, 482 (1972); White v. White, 925 F.2d 287, 290 (9th Cir.1991). Parole statutes or regulations using specific, mandatory language also create an " 'expectation of parole' " protected by the due process clause. Board of Pardons v. Allen, 482 U.S. 369, 373-76 (1987) (quoting Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 11 (1979)); Bermudez v. Duenas, 936 F.2d 1064, 1067 (9th Cir.1991) (per curiam). No authority suggests, however, that before a prisoner is released, a procedurally improper grant of parole creates a protected liberty interest. Moreover, this court court cannot give Borchers the relief he seeks because even if the Board had held a hearing, section 31-411(G) still would have required it to vacate the grant of parole. See O'Bremski v. Maass, 915 F.2d 418, 422-23 (9th Cir.1990) (court could not give prisoner the relief of reinstating an erroneously calculated parole release date because whether or not the parole board afforded the prisoner due process, at a new hearing state law would require the board to declare that the release date was void), cert. denied, 111 S.Ct. 986 (1991).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The statute provides as follows: "The board, when a commutation or parole is to be considered, shall, before holding a hearing on the commutation or parole, notify ... the victim of the offense for which the prisoner is incarcerated.... No hearing concerning commutations or parole shall be held until thirty days after the date of giving the notice." Ariz.Rev.Stat.Ann. § 31-411(G)