**Douglas C. BORCHERS,**
**Plaintiff—Appellant,**

v.

**ARIZONA BOARD OF EXECUTIVE CLEMENCY; et al., Defendants—Appellees.**

No. 05–16318.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 13, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Douglas C. Borchers, Florence, AZ, pro se.

Mary Jane Gregory, Esq., AGAZ–Office of the Arizona Attorney General (Phoenix), Phoenix, AZ, for Defendants–Appellees.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

### MEMORANDUM **

Former Arizona state prisoner Douglas C. Borchers appeals pro se from the district court's summary judgment in favor of members of the Arizona Board of Executive Clemency ("the Board") in his 42 U.S.C. § 1983 action alleging violations of the Ex Post Facto and Due Process clauses of the United States Constitution. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Beene v. Terhune*, 380 F.3d 1149, 1150 (9th Cir.2004), and we affirm.

■ The district court properly granted summary judgment on Borchers' claim that he was entitled to parole hearings every 90 days because former A.R.S. § 31–411(B) clearly states that following a denial of parole, an inmate cannot be reconsidered for parole for six months. *See Green-*

** This disposition is not appropriate for publication and may not be cited to or by the

*holtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 16, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) (holding the Nebraska parole board did not violate the inmates' due process rights because it followed state parole statutes which afforded the inmates an opportunity to be heard and informed them of the reasons why they were denied parole).

■ The district court also properly granted summary judgment on Borchers' claim that the 1997 amendment to A.R.S. § 31–411(A), substituting the phrase, "opportunity to be heard," for the phrase, "opportunity to appear," violated the Ex Post Facto Clause. Because the amendment was only procedural and did not change the punishment or the manner in which guilt is established, it does not violate the Ex Post Facto Clause. *See Russell v. Gregoire*, 124 F.3d 1079, 1083 (9th Cir.1997) (citing *Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981)). Similarly, Borchers' contention that the 1997 amendment violates the Due Process Clause is without merit. *See Greenholtz*, 442 U.S. at 16, 99 S.Ct. 2100.

■ The district court properly granted summary judgment on Borchers' claim that the Board's denials of parole were arbitrary and capricious because the decisions comply with the Arizona regulations governing parole considerations, Borchers was allowed an opportunity to be heard and he is informed of the reasons for the denial of parole. *See McQuillion v. Duncan*, 306 F.3d 895, 904 (9th Cir.2002) (holding a parole decision does not violate the requirements of due process if supported by "some evidence" and has some "indicia of reliability").

courts of this circuit except as provided by 9th Cir. R. 36–3.

■ The district court properly held that claim and issue preclusion bar Borchers' claim that the 1987 revocation of a parole grant denied his right to due process because Borchers has unsuccessfully challenged the 1987 revocation in both Arizona state court proceedings and a habeas petition before this court.[1] *See Stewart v. U.S. Bancorp.*, 297 F.3d 953, 956 (9th Cir. 2002).

**AFFIRMED.**

---

1. *See Borchers v. Ariz. Bd. of Pardons & Paroles*, 1990 WL 21219 (Ariz.Ct.App.1990); *Borchers v. Ariz. Bd. of Pardons & Paroles*, 174 Ariz. 463, 851 P.2d 88(1992); *Borchers v. Lewis*, No. 91–16298, 1992 WL 138642 (9th Cir. June 18, 1992).

* The Clerk shall amend the docket sheet to reflect the correct spelling of the appellee's name.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** The disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.